ELIZABETH WEST and SAMUEL WEST administrators of JOHN WEST *against* LAWRENCE SINK.

Landlord is entitled to the rent due to the time of sheriff's levying on his tenant's goods found on the premises, provided it does not exceed one year.

MR. HALLOWEL moved that the sheriff should pay to the defendant's landlord, the rent in arrear not exceeding one year, out of the money raised by the sale of the defendant's goods, on the demised premises.

Mr. Britton for the plaintiffs, objected, that the time of payment of the rent was not due at the time of the sheriff's taking the defendant's goods in execution, and therefore the landlord was not entitled to the money. This was said to be so determined in Chester county, by President Henry. He also cited Andr. 217. Where a landlord seeks for relief in this summary mode under the stat. 8 Ann. c. 14, he must make out a clear case, or shall be put to his action.

By the court. The words of the 4th section of the act of assembly passed 21st March 1772, (1 Dall. St. Laws, 614,) are express, "that the goods on the lands or tenements demised, taken by virtue of any execution, shall be liable to the payment of all such sum or sums of money, as are or shall be due for rent, at the time of taking such goods by virtue of such execution." The British statute declares,(4 Ruff. Stat. 409,) that the goods on such lands shall not be liable to be levied on, unless the plaintiff in the execution shall before the removal of the goods, pay to the landlord, &c. Hence it is said, in the case cited, (Andr. 219,) that relief by way of rule, is a new method of taking advantage of the act. The present motion is strictly regular under our act. The words of it embrace the case before us; "the money was due for rent at the time of taking the goods in execution;" it was *debitum* in *præsenti*, though *solvendum* in *futuro*. Such has been the uniform construction of our law, and therefore the rule on the sheriff must be made absolute.