1813.

WHARF
*v.*
HOWELL.

---

## BINNS *against* HUDSON.

IN a case which was submitted for the opinion of the
Court, it was stated, that the defendant, on the first of
*September* 1811, leased of *James L. Fisher,* for five years, a
brewery and the appurtenances, at an annual rent of 1200
dollars, payable quarterly, without any deduction on ac-
count of rent charges or taxes, which the lessee covenanted
to pay himself, together with the taxes upon a lot not in-
cluded in the lease. On the 25th of *July* 1812, an execution
was issued by the plaintiff, which was levied the same day
upon sundry goods and chattels on the premises, at which
time part of a quarter had expired, and some of the taxes
were unpaid. The sale did not take place until a subsequent
day; and the money having been brought into Court, the
questions to be decided were,

*Philadelphia,
Saturday,
April 10.*

The goods of a
tenant taken in
execution upon
the premises,
are liable to the
payment of rent
to the landlord,
up to the time
they *are taken
in execution,*
though it be in
the middle of a
quarter; but not
up to the time of
*sale.*

If the tenant
agrees to pay a
certain rent,
clear of all de-
ductions for tax-
es which he co-
venants to pay,
the landlord

cannot claim a preference for the taxes due and unpaid, but only for the rent.

**1813.**

BINNS
*v.*
HUDSON.

1. Whether the rent should be apportioned, and paid to the time the goods were taken in execution, or up to the day of sale.

2. Whether the taxes should be included in the demand for rent.

*Randall* for the plaintiff.

*Wheeler* for the landlord.

TILGHMAN C. J. By the act of the 21st of *March* 1772, the goods are liable " for the sum of money which was due " for rent at the time they were taken by virtue of the exe- " cution." Were the construction of the act to be now given for the first time, I should incline to the opinion that the landlord could claim no rent which was not *actually due* at the time of the levy. But it has been determined, that the growing rent may be apportioned, so that the landlord shall have it, down to the time when the goods are taken by the sheriff. Such was the decision of this Court in the case of *West's administrators* v. *Zint, March* term 1798. I have seen the manuscript notes of Judges *Yeates* and *Smith*, and the Court said that " *such had been the construction uniformly* " *put on the act*." I am not for disturbing a long settled con- struction; but as the Court have certainly been sufficiently liberal to the landlord, we should stop at the line which they have drawn; that is to say, the rent is to be calculated to the time when the goods are *taken*, and not to the time when they are *sold* by the sheriff.

The rent might have been reserved in such a manner as to cover the taxes, but it has not been done so in this lease. The rent reserved is 1200 dollars, payable quarterly, *with- out any deduction on account of taxes*, and the tenant cove- nants to pay all taxes, so that the taxes are no part of the rent reserved. Indeed the covenant extends to the payment of taxes on some lands *not included in this lease*. The land- lord therefore, cannot be permitted to charge the goods taken in execution, with any part of the sum due for taxes.

BRACKENRIDGE J. concurred.

Money to be taken out accordingly.