## Pierce *against* Scott.

A landlord cannot distrain goods for rent which have been previously levied upon on an execution or foreign attachment.

**ERROR** to the District Court of *Erie* county.

Andrew Scott against Palmer Pierce. This was an action on the case in which the facts appeared to be; that Andrew Scott being the sheriff of the county of Erie, and having in his hands a writ of foreign attachment against William L. Hall, by virtue of it, attached a field of 5 acres of wheat, which the defendant afterwards took and carried away.

The defendant proved that William L. Hall was a tenant of the land on which the wheat was growing, and held the premises at an annual rent of $100; that by virtue of a landlord's warrant he entered upon the land and distrained the grain, and sold it for the payment of the rent.

The court below (Thompson, President,) charged the jury that the grain was in the custody of the law, and, therefore, not subject to distress for rent; and directed a verdict for the plaintiff

[Pierce v. Scott.]

for the whole value of the grain, without allowing the deduction of one year's rent.

*Babbit,* for plaintiff in error, argued that a foreign attachment was not such process as put the property of a defendant *in custodia legis* so as to deprive a landlord of his rent, which Act of Assembly secures to him under all circumstances. The landlord cannot compel an attaching creditor to go on and sell; he may refuse or be unable to give bond as the law requires. Any one under such circumstances may cover the property and deprive the landlord of his right. At all events the landlord should not be in a worse situation than if the process were an execution; then he would be entitled to one year's rent. The action was on the case, when it should have been trespass. 7 *Watts* 468; 11 *Mass.* 57, 525; 17 *Mass.* 244.

*Walker, contra.* While the property is in the custody of the law, it cannot be taken by distress. The landlord can sustain no injury by the adoption of this principle, for when the money is made he will be entitled to his rent. But he cannot deprive the plaintiff in the attachment of the right to sell it. 5 *Binn.* 505; 5 *Whart.* 127.

The opinion of the Court was delivered by

GIBSON, C. J.—It is a rule, without an exception, that a landlord cannot distrain goods which are in the custody of the law, though for the rent of a single year, he is protected by statute. In England it is enacted by the 8th Anne, c. 14, that goods on leased premises shall not be taken in execution unless the creditor pay the landlord the arrears of rent before they are removed, not exceeding in the whole the rent of a single year due at the time of the levy; and our statute is nearly the same, the principal difference being that with us the year's rent is to be paid out of the proceeds of the sale without regard to the removal of the goods. The British statute has been held to extend to process of outlawry, which was considered to be a species of execution at the suit of the subject, in *Graves* v. *D'Acastro,* (*Bunb.* 194), which overruled *Rex* v. *Southey,* (*id.* 5). But whether a seizure on foreign attachment is within the statute, is not the question here, though it might be the turning point of a motion to pay the landlord out of the proceeds after a sale by the sheriff: the true question is, was the property in the custody of the law? A bankrupt's goods are not privileged; and the reason seems to be that bankruptcy merely changes the ownership, and goods remaining on the premises are liable to distress, be the ownership in whom it may. And this holds before assignment, even while the goods are in the custody of a messenger. The nature of the possession in bankruptcy, however, furnishes no satisfactory analogy to the custody in for-

IV. — 44

[Pierce v. Scott.]

eign attachment; nor would it, perhaps, to the custody in domestic attachment, which, like bankruptcy, is a process of distribution. Foreign attachment, being a process to compel the defendant to appear to an action, is analagous to outlawry, which is also a species of execution, and which consequently requires manual seizure of the property where it is susceptible of it, or security for its forthcoming in lieu of it. From the time therefore that the attachment is laid, the property is exempt from distress. When it is sold, however, the landlord will have priority of satisfaction as in the case of any other execution; but he cannot proceed by distress without committing a trespass against the officer. This attachment was laid on growing grain; and according to the principle of *Peacock* v. *Purvis*, (5 *Moore* 79; *S. C.* 2 *B. & B.* 362), it was not subject to distress after it was sold and before it was removed. The jury were properly instructed, therefore, that the defendant was answerable in damages to the value of the property without deducting a year's rent.

Judgment affirmed.