## Morgan *against* Moody.

The landlord is entitled to his rent where the tenant's goods are removed from the premises by the constable, under attachments issued pursuant to the 27th and 28th sections of the Act of 12th July 1842, and are afterwards sold by execution on the judgments of the plaintiffs.

ERROR to the District Court for the city and county of *Philadelphia.*

William H. Morgan against David Moody. Case stated.

[Morgan v. Moody.]

Elijah Gleason, Jr., rented from the plaintiff the store and premises No. 279 Market Street, on the 10th October 1842 for the sum of $800 per annum, payable quarterly. On the 6th December 1842 the goods of Gleason on the premises, were removed therefrom by the defendant, by virtue of various attachments issued against Gleason by his creditors, under the provisions of the 27th and following sections of the Act passed July 12th 1842 entitled "an Act to abolish imprisonment for debt, and to punish fraudulent debtors;" the defendant being the constable to whom said process was directed. Said goods so taken under the said attachments, have been sold by the defendant by virtue of the proceedings therein. Immediately upon the removal of said goods, notice was given to the defendant that rent was claimed by the plaintiff from the said 10th October 1842 to the time of removal of said goods, and a farther notice of the same kind was given to the defendant after the sale of said goods, which took place under the said proceedings, and before he parted with the money.

If the court should be of opinion that the plaintiff is entitled to recover, then judgment to be entered in favour of the plaintiff for $123.69; if otherwise, then judgment to be entered for the defendant.

The court below gave judgment for the defendant, which was now assigned for error.

*Lex*, for the plaintiff in error, contended that the landlord was entitled to his rent up to the time of the removal of the goods, under the attachments issued by virtue of the 27th and 28th sections of the act of 12th July 1842. The latter section directs that it shall be served by the constable by attaching so much of the defendant's property (not exempt by law from sale upon execution) as will be sufficient to pay the debt demanded; and section 29 makes it his duty to take the property into his possession unless bond is given. By section 32, execution is levied on the property attached. Here the goods were on the premises when attached, and were removed afterwards and sold by execution. The case falls within the equity of the 83d section of the Act of the 13th June 1836 relative to executions, by which the goods and chattels being in and upon any messuage, lands or tenements demised, taken by virtue of an execution and liable to the distress of the landlord, are made liable for the payment of any sums due for rent at the time. The point seems to be decided in *Pierce v. Scott*, (4 *Watts & Serg.* 344).

*H. M. Phillips*, contra. The question is whether the landlord can consider the execution as relating to the time of the attachment: and we contend he cannot. The Act of the 13th June 1836 does not authorize it, and there is no other act on the subject. These attachments were only mesne process, and after judgment the levy was made, and it was only then the landlord's

[Morgan v. Moody.]

right accrued, but the goods were off the premises.   He referred
to 1 *Ashm.* 147.

The opinion of the Court was delivered by

ROGERS, J.—The landlord is entitled to payment of rent up to
the day the goods are taken in execution, though it be in the mid-
dle of the quarter.   *West* v. *Sink,* (2 *Yeates* 274); *Binns* v. *Hud-
son,* (5 *Binn.* 505).   And in this respect the 83d section of the
Act of 16th June 1836 on which this point arises, makes no change;
so that the fact that the rent was not due cannot vary the case.
The question is, whether where an attachment is issued and the
goods are sold by the sheriff or constable off the demised premi-
ses, the landlord is entitled to be paid his rent out of the proceeds
of sale.   The former act, of which this is a transcript, has always
received a liberal construction, as for example, in the cases above
cited, which do not fall within the letter, although it is there held
they are embraced by the spirit of the act.   To apply the same
mode of construction to the words " an execution," and this case
comes within the reason of the enactment.   And this would seem
to be the opinion of the Chief Justice, in *Pierce* v. *Scott,* (4 *Watts
& Serg.* 343).   The process of outlawry, as is there said, is con-
sidered as a species of execution at the suit of the subject, and
foreign attachment, being a process to compel the defendant to
appear to an action, is also a species of execution; and when the
sheriff proceeds to sell the property in satisfaction of the debt, it
must be considered as one process, and in the nature of execution.
An execution is the means whereby the sentence of the law is put
in force, and is performed in different manners, according to the
nature of the action.   3 *Blac.* C. 412; 2 *Jacob's Law Dic., title* " *Exe-
cution*" 483.   It is therefore doing but little violence even to the
words of the Act, much less to the spirit, to hold that an attach-
ment resulting in the sale of the goods pledged to the landlord for
his rent, is " an execution" within the terms of the Act.   It surely
can make no difference that the goods were removed from the de-
mised premises, as that may be the case where sold on a *fieri
facias,* and yet that has never been supposed to affect the right
of the landlord to his rent.   The Act has reference to the goods
and chattels on the premises at the time the execution is issued,
and levy made, and not at the time of sale.   The words " liable
to the distress of the landlord," cannot affect this question; none
other, of course, are pledged for the rent, and all such articles as
have been by various Acts of Assembly exempted from distress,
are excluded.   It is a mistake to suppose that a liberal construc-
tion of these Acts is for the benefit of the landlord alone.   It is
of equal if not greater service to the tenant, who is thereby, in
consequence of the security arising from the goods, enabled to ob-
tain a shelter for his family on more easy and advantageous terms.

Judgment reversed, and judgment for plaintiff.