## Wickey *versus* Eyster.

1. The settled interpretation of the 83d section of Act of 1836 has been, that rent for the current quarter or year, at the time of the levy on the tenant's goods on the demised premises, although not then due will be apportioned to the time of the levy.

2. The words "liable to the distress of the landlord" do not mean that the rent must be ripe for distress; but they refer to the liability of the goods themselves as a subject of distress.

3. Prentiss v. Kingsley, 10 Barr 120; Purdy's Appeal, 11 Harris 27; Bank v. Wise, 3 Watts 394, remarked on.

May 12th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., absent.

Error to the Court of Common Pleas of *Franklin county:* No. 72, to May Term 1868.

This was an amicable action and case stated, filed August 12th 1867, in which J. A. Eyster was plaintiff, and Caspar Wickey was defendant.

The agreed facts were, that the plaintiff leased a house and lot in Chambersburg to one Monyer for one year, from the 1st day of April 1867, at the rent of $425, payable quarterly. On the 27th of May 1867, the defendant issued execution against Monyer, and on the same day the sheriff levied on Monyer's goods on the premises leased to him by the plaintiff. The sale of the goods realized $269.84. The plaintiff gave notice to the sheriff that he claimed out of the proceeds of sale $70.82, the amount of rent due at the time of the levy. This case was stated for the opinion of the court whether the plaintiff was entitled to receive his claim from the sheriff.

The court entered judgment for $70.82, and on a writ of error by the defendant he assigned the entering of judgment for error.

*L. S. Clark*, for plaintiff in error, referred to Act of June 16th

[Wickey v. Eyster.]

1836, § 83, Pamph. L. 777, Purd. 438, pl. 47; West v. Sink, 2 Yeates 274; Binns v. Hudson, 5 Binn. 505; Lichtenthaler v. Thompson, 13 S. & R. 157; Bank v. Wise, 3 Watts 394; Prentiss v. Kingsley, 10 Barr 122; Morgan v. Moody, 6 W. & S. 335; Purdy's Appeal, 11 Harris 97; Collins's Appeal, 11 Casey 83; Blight v. Blight, 1 P. F. Smith 425; Grant's Appeal, 8 Wright 479; Moss's Appeal, 11 Casey 166; Bromley v. Hopewell, 2 Harris 402; Ingram v. Hartz, 12 Wright 380.

*J. Stewart,* for defendant in error, referred to Act of March 21st 1772, § 4, 1 Sm. L. 370; West v. Sink, Binns v. Hudson, Lichtenthaler v. Thompson, Bank of Penna. v. Wise, Act of 1836, Prentiss v. Kingsley, *supra;* Greider's Appeal, 5 Barr 427; Case v. Davis, 3 Harris 81; Anderson's Appeal, 3 Barr 218.

The opinion of the court was delivered, May 20th 1868, by

AGNEW, J.—The settled interpretation of the 83d section of the Act of 16th June 1836, following that of the 4th section of the Act of 21st March 1772, has been that the rent for the current quarter or year, at the time of the levy of the tenant's goods in execution upon the demised premises, although not then due, will be apportioned up to the time of the levy. If the goods are such as would be liable to distress, in case the rent were due, the landlord can claim this proportion of his rent out of the proceeds of the sale upon the execution: West v. Sink, 2 Yeates 274; Binns v. Hudson, 5 Binn. 505; Morgan v. Moody, 6 W. & S. 333; Anderson's Appeal, 3 Barr 218; Case v. Davis, 3 Harris 80; Collins's Appeal, 11 Casey 83. The words "liable to the distress of the landlord" do not mean that the rent must be due and ripe for distress, but have reference to the liability of the goods themselves, as a subject of distress: Morgan v. Moody, *supra;* Bromley v. Hopewell, 2 Harris 402; Moss's Appeal, 11 Casey 166. The doctrine of apportionment, as applied to the 83d section of the Act of 1836, has been denied in other cases as unfounded in principle: Prentiss v. Kingsley, 10 Barr 120; Purdy's Appeal, 11 Harris 97; Bank v. Wise, 3 Watts 394. But the doctrine of *stare decisis* requires adherence to it in the case before the court.

Judgment affirmed.