# Polly M. Rockwell v. The Borough of Eldred, Appellant.

*Practice, C. P.—Appeals—Nonsuit as error.*

Neither the entry nor the refusal of a compulsory nonsuit can be assigned for error; a refusal to take it off is the only action respecting it which can be reviewed.

*Question for jury—Municipal law—Negligence—Sidewalk.*

Where there was evidence that the sidewalk, at the point where the plaintiff was injured, was out of repair, damaged and dangerous; that the defects caused the injury complained of without negligence on the part of the plaintiff; that they had existed for a period sufficient to visit the municipal officials with constructive notice; and that those officials had actual notice of the condition of the walk previous to the accident, the case clearly demands submission to the jury.

*Tort—Measure of damages—Personal disfigurement.*

Where, as the result of a tort, the plaintiff sustains a personal mutilation which may make him an object of curiosity or ridicule, he may recover for the mortification arising therefrom.

Argued Feb. 16, 1898.  Appeal, No. 14, Feb. T., 1898, by defendant, from judgment of C. P. McKean Co., Oct. T., 1893, No. 158, on verdict for plaintiff.  Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ.  Affirmed.

Trespass.  Before OLMSTED, P. J.

This was an action against the borough of Eldred for damages sustained by reason of its alleged negligence in permitting a sidewalk to be in a defective condition.  There was evidence tending to show that the sidewalk at the point where plaintiff was injured was out of repair, damaged and dangerous; that these defects caused the injury complained of; there was no such evidence of contributory negligence on the part of the plaintiff as warranted the court in taking the case from the jury. There was also evidence that the defects had existed for a period of time sufficient to visit the municipal officers with constructive notice; and some evidence to show that the officials had actual notice of the condition of the walk previous to the accident.  There was some question as to whether an ordinance was ever passed by the borough authorities making the streets where the accident occurred such a legal thoroughfare as would render the defendant liable in this case.

96 ROCKWELL *v.* ELDRED BOROUGH.

Statement of Facts—Opinion of the Court.    [7 Pa. Superior Ct.

The court left the question of the plaintiff's contributory negligence and the defendent's negligence to the jury.

Verdict and judgment for plaintiff for $1,083, which was subsequently reduced to $542.   Defendant appealed.

*Errors assigned* were (1) refusal to grant a compulsory nonsuit.   (2) In refusing to affirm defendant's first point, which reads as follows:  "That no legal ordinance was ever passed by the borough authorities making the street where the accident occurred such a legal thoroughfare as would render the defendant liable in this case."  (3) In not affirming defendant's second point, which reads as follows:  "There not being sufficient evidence of the defect in the sidewalk at the point where the accident occurred at and prior to the time of the accident to put the borough authorities upon notice of the defect, and no actual notice to the proper authorities being shown, the verdict must be for the defendant."  (4) In its charge to the jury in submitting the question as to whether or not the borough or her officers had actual notice of the bad condition of the walk at the precise point where the injury occurred.  (5) In admitting testimony as to the bad condition of the sidewalk at other points than that at which the injury occurred.  (6) In charging the jury as to the measure of damages, by instructing them that the plaintiff would be entitled to damages for "the humiliation of passing through life with a defective physical organization."

*F. F. Mullin* and *S. W. Smith*, for appellant.

*W. I. Lewis*, with him *P. R. Cotter*, for appellee.

Opinion by Smith, J., March 21, 1898:

Neither the entry nor the refusal of a compulsory nonsuit can be assigned for error; a refusal to take it off is the only action respecting it which can be reviewed.   This has been decided so often that citation of authorities is unnecessary.

There was evidence that the sidewalk, at the point where the plaintiff was injured, was out of repair, damaged and dangerous; that these defects caused the injury complained of, without negligence on the part of the plaintiff; that they had existed for a period sufficient to visit the borough officials with constructive

notice; and that those officials had actual notice of the condition of the walk previous to the accident. The evidence on these points was clearly such as to require the submission of the case to the jury.

That portion of one sentence of the charge complained of in the sixth specification, does not fully and fairly present the meaning of the trial judge on this point. His instruction, as we construe it, was that if the plaintiff was permanently disfigured in any way, the humiliation of passing through life with such disfigurement should be taken into account in estimating the damages. It is well settled that compensation may be given for mental suffering due to a wrong. It is a familiar fact that few things are more mortifying or humiliating, especially to a woman, than defects or disfigurements of the person, calculated to create aversion, or excite ridicule. This feeling of humiliation, arising from a sense of inferiority as compared with other persons, is a positive and frequently a most painful phase of mental suffering, and, as such, is a legitimate matter for consideration in estimating damages for the injury leading to it. In actions for wrongfully ejecting a passenger from a railroad car, for malicious prosecution, illegal arrest, or false imprisonment, the plaintiff is entitled to compensation for the attending humiliation; and where, as a result of the defendant's tort, the plaintiff sustains a personal mutilation which may make him an object of curiosity or ridicule, he may recover compensation for the mortification arising therefrom. Illustrative cases on these points are collected in Sedgwick on Damages, par. 47. In the case before us, in addition to the testimony of the plaintiff on this point, the attending physician testified, without contradiction, that " there is a slight deformity of the hand, and to all appearances there is a slight adherence of the tendons that pass over the wrist joint, that prevents the closing of the fingers." It was for the jury to take into account any humiliation to which this deformity might subject the plaintiff, and give it the weight to which, in their judgment, it was justly entitled as an element of damage. The verdict indicates no excessive estimate of any of the grounds of compensation, and, as reduced by the plaintiff, we see no reason for disturbing it.

The specifications of error require no further discussion, they are all overruled and the judgment is affirmed.