## Harry F. Sechrist v. J. H. Jahn, Appellant.

*Tort—Justification of assault—Question for jury.*

The fact of an assault being admitted and the evidence being conflicting as to circumstances alleged in justification, the question is one for the jury.

*Tort—Mortification of feeling as an element of damages.*

Mortification to the feelings or personal humiliation resulting from a tort, is a legitimate element for consideration in fixing the damages.

Argued April 12, 1899.   Appeal, No. 97, April T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1897, No. 775, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by SMITH, J.

Trespass.   Before KENNEDY, P. J.

The facts sufficiently appear from the charge of the court as follows :

This action is brought to recover damages for injuries which the plaintiff alleges he received in an encounter with the defendant on December 23, 1896.   The defendant was in charge of the office of Mr. McMillen, a real estate dealer in the city of Allegheny.   The plaintiff called there, with his wife, for the purpose of renting a house, and in the interview which followed the plaintiff alleges that the defendant assaulted him

without cause, and put him out of the office in a violent manner, pushing him down, and that he was injured thereby. Chiefly his damages seem to be from mortification to his feelings, by reason of his having been put out of the office. That is about the whole case.

The defense is that he was entirely justified in putting him out, and that he used only what force was necessary for the purpose of putting him out of the office. I do not think it is necessary for me to go into the circumstances in detail. The question for you to consider is whether the defendant, under the circumstances, did assault the plaintiff, in the manner that he claims, and whether the plaintiff, in that assault, was injured in any way; if he was injured, to what extent, and what would compensate him for the injury to his feelings, or the mortification of being put out of the office. The defendant admits the call on the part of the plaintiff and his wife for the purpose of renting a house, and admits that some talk followed, and that he ordered the plaintiff out; that the plaintiff himself acted in an improper manner in the interview, and for that reason the defendant ordered him out two or three times, and the plaintiff refused to go. He claims that he did as he had a right to do, put him out, using only what force was necessary. The defendant claims that if the plaintiff fell it was not through any violence used on his part; that he only used what force was necessary for the purpose of putting him out of the office, after having ordered him out some three or four times, and the plaintiff refusing to go. If that is the case, the defendant is entitled to your verdict. The defendant was not bound to sit still and listen to what he claims was abuse, if there was such abuse of him, or improper conduct on the part of the plaintiff. If he told him to go out several times, and he refused to go, nothing was left for the defendant but to put him out; but he must not do that in a rough or violent manner, but he could use what force was necessary. If you are satisfied that that is what he did, after this improper conduct on the part of the plaintiff, then the defendant is entitled to your verdict. If, however, he assaulted the plaintiff in a violent manner and without proper cause upon his part, then the plaintiff is entitled to a verdict at your hands for what will compensate him for this injury, or mortification to his feelings. You are not bound by the amount

he states in his paper, but whatever you think, under all the circumstances, would compensate him for this injury to his feelings, you will allow him. If, however, the defendant did only what he had a right to do under the circumstances I have given you, your verdict will be for him.

Verdict for plaintiff for $150, which was subsequently reduced by stipulation of $100 on which judgment was entered. Defendant appealed.

*Errors assigned* were (1) the charge of the court taken as a whole did not adequately present appellant's case and misled the jury. (2) The verdict of $150 in favor of the appellee against the appellant was against the weight of the evidence before the court below and jury upon the trial of the case. (3) The verdict is excessive and not in accordance with the law governing this case. (4) In charging the jury, to wit: " Chiefly his damages seem to be from mortification to his feelings by reason of his having been put out of the office ; that is about the whole case."

*F. C. Whitesell*, of *Whitesell Brothers*, for appellant.—The principal questions in this case are embraced in the several assignments of error, and may therefore be considered together, without reiterating the history of the case.

In Keil v. Chartiers Valley Gas Co., 131 Pa. 466, it was held in an action for a trespass committed by defendant's employee an instruction, that it was for the jury to decide whether exemplary damages should be given, was inadequate and too indefinite. The jury should have been informed as to the rules of law applicable and should not have been permitted to give such damages : Rhodes v. Rodgers, 151 Pa. 634 ; McMillan v. Railway Co., 172 Pa. 523.

*T. C. Noble*, for appellee.—The first assignment of error complains of the inadequacy of the charge as a whole, but does not specify wherein the inadequacy consists. This assignment is too vague and need not be noticed : Frantz v. Lenhart, 56 Pa. 365.

Damages for mental suffering and exemplary damages are not the same, and the latter may be allowed in addition to the

former: Sedgwick on Damages (8th ed.), secs. 356, 357; Shook v. Peters, 59 Texas, 393; Taber v. Hutson, 5 Ind. 322.

In support of the proposition that compensation for wounded feelings may be recovered, we cite the following cases: Von Reeden v. Evans, 52 Ill. App. 209; Allen v. Camden and Phil. Ferry Co., 30 Albany Law Journal, 476; Smith v. Holcomb, 99 Mass. 552; Hurst v. Carlisle, 3 P. & W. 176; Wadsworth v. Treat, 43 Me. 163; [Laird v. Traction Co., 166 Pa. 4.]

OPINION BY SMITH, J., July 28, 1899:

The fact of an assault by the defendant on the plaintiff is admitted.    As to the circumstances which, the defendant contends, justified the assault, the evidence was conflicting; hence the question of justification was for the jury.    The record shows no request by either party for instructions on any point.

The first, second and third specifications are defective in not setting out, particularly, the grounds on which they are based. As to the fourth, it is well settled that "mortification to the feelings," or personal humiliation, resulting from a tort, is a legitimate element for consideration in fixing the damages: Rockwell v. Borough of Eldred, 7 Pa. Superior Ct. 95, and authorities there referred to.

The case was submitted to the jury with adequate instructions respecting the rights of the parties, and the measure of damages, which were the only matters involved.

Judgment affirmed.