# Reece *v.* Rodgers, Appellant.

*Appeals—Assignments of error—Nonsuit.*

1. The refusal of a compulsory nonsuit is not assignable for error; a refusal to take off a nonsuit is the only action respecting it which can be reviewed.

*Landlord and tenant—Landlord's warrant—Constable—Unlawful distress and sale—Liability of landlord.*

2. Where a constable makes an unlawful distress and sale under a landlord's warrant, the landlord is liable jointly with the constable for the trespass.

3. Where a constable distrains and sells goods already levied upon by the sheriff under a judgment against the tenant, the latter cannot maintain an action against the landlord for the alleged trespass. The levy by the sheriff divested the tenant of his possession, and right to possession, and in the absence of either the possession or the right to possession he cannot maintain trespass. The·mere fact that the sheriff did not remove the property, but left it in care of the tenant, is immaterial.

4. Where rent is payable monthly in advance and a levy is made by the sheriff on the tenant's goods after the rent has been paid for the month, the landlord is not entitled to any rent for the following month out of the proceeds of the sheriff's sale on the levy, inasmuch as no rent is due at the time of the levy. Rent is apportionable to the date of the levy, but cannot be claimed to the time of the sale.

*Interest—Damages—Trespass.*

5. In an action for tort it is reversible error for the trial judge in directing a verdict for plaintiff to tell the jury that they could add legal interest thereto. In such cases compensation for deferred payments depends on the circumstances of each case. The jury may be told that they may add to the damages an amount not to exceed legal interest, or a less amount as they see fit.

Argued April 28, 1909. Appeal, No. 158, April T., 1909, by defendants, from judgment of C. P. No. 1, Allegheny Co., June T., 1905, No. 102, on verdict for plaintiff in case of George M. Reece v. Sadie F. Rodgers and William J. Morris. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for an alleged illegal distress in sale. Before BROWN, P. J.

The facts appear by the opinion of the Superior Court.

At the trial the plaintiff presented the following points:

1. The goods levied on in this case having been in the custody of the sheriff by virtue of the fieri facias issued at No. 10, April Term, 1905, the plaintiff has no right of action and is not entitled to maintain this suit, and therefore cannot recover. *Answer:* Refused. Exception and bill sealed for defendants. [3]

2. That the plaintiff, if entitled to recover anything, is only entitled to recover nominal damages. *Answer:* Refused. Exception and bill sealed for defendants. [4]

3. That under all the pleadings and the evidence in this case, the verdict must be for the defendants. *Answer:* Refused. Exception and bill sealed for defendants. [5]

The court charged in part as follows:

[In violation of these statutory provisions for the protection of her rent, and in violation of plaintiff's rights, Mrs. Rodgers and Mr. Morris, the constable, by virtue of the landlord's warrant unlawfully sold Mr. Reece's property on March 3, 1905. This sale being illegal, the defendants are responsible for the resulting damages.] [6]

[Are they responsible to the plaintiff in this action, or is his remedy limited solely to an action against the sheriff and his bondsmen for the sheriff's failure to return to him the property, the subject-matter of dispute in this action? It clearly appears that the property—although not sold by the sheriff—was included in the levy made by him under the Garland execution. Not having been sold—and the life of the Garland execution, and of another execution, having expired by the sheriff's return of sale and distribution of March 9, 1905—by operation of law the unsold property (the property in the present action) passed from the custody of the law to Reece; and the sheriff having failed to restore it to him, he had the right to sue the sheriff and his bondsmen—but that was not his only remedy. He had a choice of remedies, among them, the right to sue Mrs. Rodgers and Mr. Morris, for they by the illegal sale on the landlord's warrant were the direct cause of the injury. As this ground alone entitles plaintiff to a recov-

ery, it is unnecessary to have you pass upon the other ground presented.] [7]

The record showed the following:

"At 2: 40 P. M. the jury returned with a verdict for the plaintiff, finding the value of the goods at $1,174 with interest, and $500 damages, and were directed by the court to return to the court room with a verdict leaving out the last item.

"At 2: 45 P. M. the jury returned to the court room, having been sent for by the court.

The Court: Gentlemen, when you came in before there was one thing that escaped me. I forgot to ask you whether by your verdict you meant to return a verdict against the defendants for the sum of $500, or whether you meant to return a verdict in the sum of $1,174 with interest at six per cent.

A Juror: And the additional damages added, $500 added for the license.

The Court: You haven't a thing to do with that. They didn't sell the license.

A Juror: He lost the use of it.

The Court: No, that was not the case. You were limited simply to the value of the property sold on that landlord's warrant. You don't need to say anything about the value of the property. You simply render a verdict for the value of the property actually sold on the landlord's warrant, with compensation, at your discretion, for delay in payment not exceeding six per cent. So to the amount that you intended to render against the defendants, $1,174, you may add interest at six per cent. Those two amounts are the amount of your verdict, and you will render a verdict for a lump sum. Those two amounts added together is the amount you want to find, striking out the last item.

Bill of exceptions sealed for defendants and plaintiff to the additional instructions of the court. [8]

Verdict and judgment for plaintiff for $1,174, with interest at six per cent, $260.24, making a total of $1,434.24.

*Errors assigned* were (1) refusal of nonsuit; (2) refusal of motion for severance; (3–8) above instructions, quoting them.

*William A. Jordan* and *R. B. Petty*, with them *Chantler & McClung*, for appellants.—To maintain trespass it is absolutely necessary that plaintiff must be in actual possession, or have the right of taking possession at the time of the trespass: Ward v. Taylor, 1 Pa. 238; Waldron v. Haupt, 52 Pa. 408; Kitchen v. McCloskey, 150 Pa. 376; Pierce v. Scott, 4 W. & S. 344; Taylor v. Manderson, 1 Ash. 130.

Where a joint tort is alleged and the proof offered is only of a tort by one defendant, there should be a severance as to that defendant, and the case ought not to be permitted to go to the jury as to that defendant: Minnich v. Ry. Co., 203 Pa. 632; Sturzebecker v. Inland Traction Co., 211 Pa. 156; Goodman v. Coal Township, 206 Pa. 621; Dutton v. Lansdowne Boro., 198 Pa. 563; Howard v. Union Traction Co., 195 Pa. 391.

The rent is to be apportioned, to the date of the levy, but the landlord is not entitled to claim rent to the time of the sale: West v. Sink, 2 Yeates, 274; Binns v. Hudson, 5 Binn. 505; Lichtenthaler v. Thompson, 13 S. & R. 157.

*H. Fred Mercer*, with him *L. W. Mendenhall*, for appellee— General property in personalty draws unto itself the possession sufficient to enable the owner to maintain trespass, even though he has never been in possession: Mather v. Ministers of Trinity Church, 3 S. & R. 509; Becker v. Smith, 59 Pa. 469; Dixon v. White Sewing Machine Company, 128 Pa. 397; Robinson v. Hart, 23 Pa. Superior Ct. 299.

As to the liability of the principal, Mrs. Rodgers, one of the defendants, plaintiff submits that she is responsible for the conduct of her agent or bailiff, W. J. Morris, although his specific acts may not in fact have been authorized by her: Hagerstown Bank v. Loudon Savings Fund Society, 3 Grant, 135; McElroy v. Dice, 17 Pa. 163; Kerr v. Sharp, 14 S. & R. 399.

OPINION BY MORRISON, J., July 14, 1909:

This was an action of trespass brought to recover damages against the defendants for an alleged illegal sale of plaintiff's personal property by virtue of a landlord's warrant issued on be-

half of Sadie F. Rodgers to William H. Morris, he being a constable. The learned court below practically directed a verdict in favor of the plaintiff for $1,174 and directed the jury to add interest at the rate of six per cent to that amount from the date of the alleged trespass to the date of verdict. The jury obeyed this instruction and returned a verdict for $1,434.24, $260.24 of this amount being interest at six per cent.

Counsel for appellee concedes in his history of the case that on January 7, 1905, a fi. fa. was issued to the sheriff of Allegheny county on a judgment against the defendant therein, the plaintiff in this case, and that on January 9, 1905, the sheriff levied under said fi. fa. on all of the personal property of the said plaintiff, and that considerable portion of said property was the same afterwards sold by the defendants, on March 3, 1905, on the said landlord's warrant, dated February 18, 1905, for rent due Sadie F. Rodgers on February 1, 1905, amounting to $113.64. The counsel further contends that the defendants sold on said landlord's warrant goods which had not been previously appraised. However, the evidence does not point out, with certainty, the goods that were sold without being appraised. The evidence is quite clear that the goods seized by virtue of the warrant were duly appraised.

The undisputed evidence shows that said Morris, constable, had in his hands an execution from Alderman McMaster's docket, dated February 24, 1905, against the plaintiff and that he duly levied and advertised some of plaintiff's personal property to be sold on said execution on March 3, 1905. These were some of the same goods levied on by the sheriff on January 9, 1905. The evidence is quite clear that on March 3, 1905, constable Morris sold some of the plaintiff's goods on the landlord's warrant and some of them on said execution. For this reason it is not at all clear that the constable sold goods on the landlord's warrant which had not been appraised. We ought not to presume that the constable did an unlawful act in this respect. It seems quite probable that the unappraised goods were sold on the alderman's execution. It also appears in evidence, without dispute, that on March 2, 1905, a fi. fa. issued to the sheriff on a judgment of the Duquesne Brewing Company against

George M. Reece for the collection of the sum of $4,000. It further appears that on the first mentioned fi. fa. the sheriff levied on all of the present plaintiff's personal property and his leasehold, and that on February 18, 1905, the sheriff released a considerable portion of this personal property to claimants under interpleader proceedings. The sheriff finally returned that on March 9, 1905, at the place of business of the present plaintiff, he sold at public vendue the personal property of the defendant (George M. Reece) for $65.00 and all personal property claimed delivered to claimants.

Upon the trial of the present case, the above facts appeared in evidence and there was not much dispute about any of them. The plaintiff's declaration, after stating some formal matters, charged that upon March 3, 1905, the defendants entered upon the premises of the plaintiff and there unlawfully exposed to sale and sold certain personal property belonging to said plaintiff of the value of $1,500; that said sale was made under the pretended authority of a landlord's warrant issued by Sadie F. Rodgers and addressed to William J. Morris. "That said sale of property was illegal in this: First, that said property was already in the custody of the law by virtue of fi. fa. issued out of the court of common pleas No. 2 of Allegheny county at No. 10, April Term, 1905, upon a judgment at No. 336, January Term, 1905, D. S. B., which said levy was made on the 9th day of January, 1905."

There are no grounds laid in the declaration for recovering damages for any goods and chattels, except those specifically stated to have been in the custody of the law by virtue of the fi. fa. and levy above stated. All else in the declaration is merely in aggravation of the damages as to the said property in the custody of the law. According to plaintiff's declaration, he did not sue for property that came into his hands after the sheriff's levy; he expressly declared for the property only that was in the custody of the law as aforesaid. This suggestion disposes of his counsel's argument that the judgment can be sustained because the defendants sold property that was not levied on nor appraised. The controlling question for our decision is, can the plaintiff sustain this action against the defendants for damages

caused by the selling of his personal property which was in the custody of the law at the time it was seized, advertised and sold, as stated in his declaration. We think the law is settled that he cannot do so. At the close of the plaintiff's testimony, counsel for defendants moved for a compulsory nonsuit based on the fact that the goods sold by the defendants were in the custody of the law. This motion was refused. At the close of the evidence, the defendants' counsel requested the court to charge that the goods levied on in this case, having been in the custody of the sheriff by virtue of the fi. fa. issued at No. 10, April Term, 1905, the plaintiff has no right of action and is not entitled to maintain this suit and, therefore, cannot recover. This was refused with an exception and bill sealed for the defendants. Counsel also requested the court to charge that under the pleadings and all of the evidence in this case, the verdict must be for the defendants. This point was refused with an exception and bill sealed. There was also an exception to the charge of the court in directing the verdict for $1,174, with interest at six per cent to be added. After the verdict was rendered and entered, counsel for defendant moved the court, in accordance with the statute, for judgment for the defendants non obstante veredicto. This motion was refused and judgment granted for the plaintiff on the verdict, and an exception and bill sealed for defendants. There are other assignments of error, but the view we take of this case, perhaps, renders it unnecessary to discuss each assignment separately and at length.

The first assignment of error is that the court erred in refusing defendants' motion for a compulsory nonsuit. Neither the granting nor the refusal of a compulsory nonsuit is assignable for error. In Rockwell v. Eldred Borough, 7 Pa. Superior Ct. 95, we said: "Neither the entry nor the refusal of a compulsory nonsuit can be assigned for error; a refusal to take it off is the only action respecting it which can be reviewed. This has been decided so often that citation of authorities is unnecessary."

The second assignment is to the refusal of the court to grant a severance to Sadie F. Rodgers on the theory that if there was a trespass, she had no hand in it and no knowledge of it. But the landlord's warrant was hers and the constable was acting there-

under, and, therefore, we are of the opinion that if there was a trespass, she was jointly liable with her bailiff: McElroy v. Dice, 17 Pa. 163; Kerr v. Sharp, 14 S. & R. 399. The second assignment is not sustained.

But the important question is raised by the third, fifth, ninth and tenth assignments of error. "When the distress is made on goods which were previously levied upon on execution or foreign attachment, the distrainor does not become liable in an action of trespass at the instance of the tenant, or the plaintiff at whose suit the levy was made.

"Such a distress is a trespass against the officer who levied upon the chattels, as such goods are privileged from distress. In such a case the execution creditor cannot bring an action of trespass against the landlord, his remedy being against the officer who made the levy, and who may bring an action of trespass or trover against any third person, who wrongfully divested him of the fruit of his levy:" Jackson & Gross, Landlord & Tenant, secs. 1135, 1136. See also Taylor v. Manderson, 1 Ashmead, 130; Pierce v. Scott, 4 W. & S. 344.

The levying by the sheriff of an attachment or execution on chattels may be made by him without any manual handling of the property, and the property fully bound by it, and be in the officer's power and possession, and the owner divested of the possession: Paxton v. Steckel, 2 Pa. 93. To maintain trespass it is absolutely necessary that the plaintiff must be in actual possession, or have the right of taking possession at the time of the trespass: Ward v. Taylor, 1 Pa. 238.

When the sheriff levies on goods under an execution, it divests the possession of the owner, and vests the sole and absolute possession of the goods levied upon in the sheriff, so absolutely and completely that the owner himself becomes a trespasser by removing the goods so seized. No possession or right of possession remains in the owner. Such levy vests the possession so fully in the sheriff, that he may maintain trespass for any disturbance of it: Welsh v. Bell, 32 Pa. 12. We think the levy by the sheriff under the fi. fa. of January 9, 1905, so completely divested the possession of the present plaintiff that he could not maintain this action of trespass. If the defendants

committed a trespass the right of action was in the sheriff: Dixon v. White Sewing Machine Co., 128 Pa. 397, and cases cited.

"A sheriff is absolutely liable for the forthcoming of property levied upon by him under an execution, unless deprived of it by the act of God, sudden accident or the public enemy.

"Hence, where a sheriff levied on goods sufficient to pay the debt of the plaintiff, and a part were stolen between the levy and sale, so that the money could not be made, he is responsible for the deficiency:" Hartlieb v. McLane's Admrs., 44 Pa. 510. In this connection it will be recalled that the sheriff in the present case returned that he had released part of the plaintiff's property to claimants and had sold the residue and it does not appear that the sheriff ever made any complaint against these defendants for seizing and selling personal property claimed by the plaintiff.

The learned court held, in his charge to the jury, that the plaintiff had the "right to sue the sheriff and his bondsmen—but that was not his only remedy. He had a choice of remedies, among them, the right to sue Mrs. Rodgers and Mr. Morris, for they by the illegal sale on the landlord's warrant were the direct cause of the injury. As this ground alone entitles plaintiff to a recovery, it is unnecessary to have you pass upon the other ground presented," etc. This is assigned for error in the seventh assignment. The learned court lost sight of the fact that the property claimed for in the declaration was all in the possession of the sheriff by virtue of his levy on the fi. fa. and this divested the possession of the plaintiff so that he could not maintain trespass.

It is argued by counsel for appellee that the sheriff did not remove the plaintiff's personal property but left it in the care of the latter. We cannot see much force in this. The plaintiff avers in his declaration that the property was in the sheriff's custody and in the custody of the law and if the sheriff left the property in the care of the plaintiff, this did not affect the sheriff's possession under his levy nor did it vest any possession in the plaintiff in his own right.

In the charge to the jury the court cited and read secs. 83, 84

and 85 of the Act of June 16, 1836, P. L. 755, and then said, as raised by the sixth assignment: "In violation of these statutory provisions for the protection of her rent, and in violation of plaintiff's rights, Mrs. Rodgers and Mr. Morris, the constable, by virtue of the landlord's warrant, unlawfully sold Mr. Reece's property on March 3, 1905." In this connection the court emphasized to the jury that Mrs. Rodgers should have presented her rent claim to the sheriff and have received her rent from the proceeds of his sale. In so charging the learned court lost sight of the fact that no rent was due Mrs. Rodgers at the time the sheriff seized the goods under the fi. fa. Her rent was payable monthly in advance on the first day of each month. The January rent was fully paid and no rent was due till February 1, 1905. It has been decided that the rent may be apportioned to the date of the levy, but the landlord is not entitled to claim rent till the time of the sale. In Wickey v. Eyster, 58 Pa. 501, it was held by the Supreme Court (AGNEW, J.): "The settled interpretation of the 83d section of the act of June 16th, 1836, following that of the 4th section of the Act of March 21st, 1772, 1 Sm. L. 370, has been that the rent for the current quarter or year, at the time of the levy of the tenant's goods in execution upon the demised premises, although not then due, will be apportioned up to the time of the levy. If the goods are such as would be liable to distress in case the rent were due, the landlord can claim this proportion of his rent out of the proceeds of the sale upon the execution," citing several cases. Judge AGNEW then further says: "The doctrine of apportionment as applied to the 83d section of the act of 1836 has been denied in other cases as unfounded in principle. . . . But the doctrine of stare decisis requires adherence to it in the case before the court."

In the present case Mrs. Rodgers' rent was paid for all of the month of January and the levy being made on the ninth of that month she was not entitled to any rent for the month of February out of the proceeds of the sheriff's sale on his levy above mentioned. This is so because no portion of the February rent had accrued when the levy was made. Therefore, the court's charge in this respect tended to mislead the jury. The sixth assignment is sustained.

We desire to refer briefly to the eighth assignment. The learned court instructed the jury to return a verdict for a certain amount and add legal interest thereto. It was not a case for a binding instruction as to amount. It has often been decided that it is error to instruct a jury to add interest to the amount of damages they assess in an action of tort. Where the damages are unliquidated, the jury should be instructed that they may add not to exceed legal interest or a less amount as they see fit. "Interest is recoverable of right, but compensation for deferred payments in torts, depends on the circumstances of each case:" Phila. Ball Club, Ltd., v. Phila., 192 Pa. 632; Richards v. Citizens' Nat. Gas Co., 130 Pa. 37; Shevalier v. Postal Tel. Co., 22 Pa. Superior Ct. 506. The eighth assignment is sustained.

We are of the opinion that upon the pleadings and evidence in this case the learned court erred in not giving a binding instruction in favor of the defendants and in discharging the rule for judgment in their favor non obstante veredicto.

The judgment is reversed and judgment is here entered in favor of defendants non obstante veredicto.