## Appeal of George T. Work, Sheriff.

An execution was issued on October 1st 1877 and was made returnable on the 8th of the same month. The levy was made on the 3d day of October 1877. Immediately thereafter the plaintiff in the fieri facias notified the sheriff not to advertise a sale upon said writ, as he deemed it better to allow the defendant in the execution to sell the property levied on. In consequence of this the sheriff took no final action ; the goods were sold by the defendant at a public sale, on the 10th of October, and the sheriff received no part of the proceeds except his costs on the writ. Five days after the return-day and three days after the sale the appellee served a notice on the sheriff that she claimed $200 arrears of rent out of the proceeds of sale. *Held*, that the notice was too late, as it was given after the property was sold and beyond the reach of the sheriff.

November 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Washington county:* Of October and November Term 1879, No. 236.

Appeal of George T. Work, sheriff, from the decree of the court directing him to pay Elizabeth Howden $200 out of the proceeds of the sale of the goods of David Shanor.

On 1st October 1877, James M. Miller caused a fi. fa. to issue on a judgment which he had obtained against David Shanor and another. This process was returnable to the second Monday of October; the second Monday being the eighth day of that month.

In the execution of this writ, the appellant levied upon personalty of Shanor. The levy was made on 3d October 1877, by a deputy-sheriff, who immediately thereafter informed the plaintiff that the defendant, before the levy was made, had advertised a public vendue of the property. The plaintiff and defendant then had an interview, and the result of their conference, was the conclusion that the property would sell to better advantage at the proposed vendue, than at sheriff's sale. Miller at once notified the sheriff that under the circumstances he deemed it best to permit Shanor himself to sell the property (he, Shanor having agreed to apply the proceeds to his claim), and directed him not to advertise a sale. In consequence of this direction, the sheriff (having no other claims against Shanor in his hands), took no further action, "for the reason that he thought he had nothing more to do with the writ but receive the costs."

On 10th October 1877, Shanor, with Miller's assent, sold the property upon which the levy had been made, at public sale, the proceeds, or the greater part of them, being then handed to Miller to be applied to his claim against Shanor.

On the 13th of that month, five days after the return-day of the writ, and three days after the consummation of Shanor's sale, and the reception of the proceeds by Miller, the appellee notified the sheriff that Shanor's goods, which had been levied upon under Miller's writ, were liable to a distress by her for one year's rent, due 1st September 1877, and requiring him to pay her "out of the proceeds of sale," the amount of rent due, to wit: $200.

As the sheriff had not received any part of such proceeds he did not comply with this demand.

On May 7th 1878, Elizabeth Howden petitioned the court, setting forth that she has a life-estate in certain lands, which, at the date of the issuance of the execution, to wit: October 1st 1877, were held by David Shanor, defendant, under lease from her; that there was due her from said Shanor, $200 of rent, on 1st September 1877; that the personalty levied upon by the sheriff under the fi. fa. was on the demised premises, and liable to be distrained by her for said rent; that on 13th October 1877, the property levied not having been sold by the sheriff, she gave him notice of her claim; and that no part of said rent had been paid her.

The court granted the petitioner a rule upon the sheriff to show cause why he should not pay her the rent demanded in said notice, and on the 21st of May 1878 the sheriff made answer that he knew nothing as to the petitioner's right to receive rent from Shanor; that a levy was made on personalty, probably upon the demised premises, belonging to Shanor; that he did nothing in execution of his writ other than to make the levy, because after levy made, he was directed by the plaintiff not to advertise a sale;

[Work's Appeal.]

as he (plaintiff) had concluded to let the defendant sell the property which had been levied on, at public vendue; that as he then had no other process in his hands against Shanor, he regarded the direction not to advertise, and the reason assigned therefor, as a stay of the writ; that his information was, that on 10th October 1877, the property levied upon, had been sold at public sale by the defendant himself, with the assent of the plaintiff; and that the proceeds of such sale, were transferred by Shanor to Miller.

On July 9th 1879 the court, Hart, P. J., made the rule absolute, in an opinion saying:

"That the writ of fi. fa. was not stayed by the plaintiff is evident from the sheriff's own statement of the facts, that after having made the levy he received a notice, or instruction, from the plaintiff, not to advertise, as he (the plaintiff) believed 'a larger price could be realized if the defendant himself was permitted to make the sale.' It is plain, that at any time before the sale by the defendant, the plaintiff could have withdrawn the instructions given to the sheriff, and directed him to proceed with the execution. There was, therefore, no final and peremptory stay of the writ. It follows, that the sheriff having seized the defendant's goods, and afterwards allowed him to sell them and appropriate the proceeds as he saw fit, must be held, in law and equity, accountable to the landlady, as though he had himself sold the property levied, and realized therefrom a sum sufficient to satisfy her claim."

From the decree of the court, making the rule absolute, the sheriff took this appeal.

*Dougan & Todd* and *J. P. Sayer*, for appellants.—It was the duty of the landlord to give notice of the claim for rent before the distribution of the proceeds of sale: Ege *v.* Ege, 5 Watts 139.

After sale, the return-day having passed, the sheriff may safely pay the execution-creditor, without waiting for the landlord to assert his claim. If under such circumstances, he is to remain liable three days, he must hold the proceeds indefinitely. There is no suggestion of fraud in the case. On the theory that the money realized at the vendue, was potentially in the sheriff's hands, we cannot think the law will hold its officer responsible, when he in good faith parted with the fund, after the time when he should have notice of the landlord's claim, and before he had actual notice of it.

*Aiken & Duncan* and *John L. Gow*, for appellee.—The direction "not" to advertise was not a stay of the writ. The levy is still in force. The property was not legally advertised for sale and was sold privately by permission of the sheriff. The appellee could not distrain for thus being under levy, the goods were in the custody of the law · Pierce *v.* Scott, 4 W. & S. 344. A sheriff

[Work's Appeal.]

cannot deliver goods to a plaintiff in satisfaction of his debt: Watson on Sheriffs 189. The notice of Mrs. Howden was in time, since the goods under levy were sold and notice given three days afterward. The notice need not have been given before return-day, for the reason that the sale was made after return-day. The notice is in time if given at any time before the sheriff parts with the money: Ege v. Ege, 5 Wright 134.

If such proceedings are tolerated, an execution instead of being intended to enforce a debt, may hereafter be used to secure it, to the prejudice of those interested in the proceeds of the property levied on.

Mr. Justice PAXSON delivered the opinion of the court, January 5th 1880.

There is no substantial disagreement as to the facts of this case. The execution under which the levy was made was issued on October 1st 1877, and was made returnable to the second Monday of the same month, which was the eighth. The levy was made on the third. Immediately thereafter the plaintiff in the fieri facias notified the sheriff not to advertise a sale upon said writ, as he deemed it better to allow the defendant in said execution to sell the property levied upon. In consequence of this the sheriff took no further action; the goods were sold by the defendant at a public sale on the 10th of October, and the sheriff received no part of the proceeds except his costs on the writ. On the 13th of October, five days after the return-day, and three days after the sale, the appellee served a notice upon the sheriff that she claimed $200 arrears of rent out of the proceeds of the sale.

We are of opinion that the notice came too late. The directions of the plaintiff in the execution not to advertise a sale was a stay of the writ as to other execution-creditors: Commonwealth v. Stremback, 3 Rawle 341; Corlies v. Stanbridge, 5 Id. 286; Freeburger's Appeal, 4 Wright 247; Pary & Co.'s Appeal, 5 Id. 273; Keyser's Appeal, 1 Harris 409; Stern's Appeal, 14 P. F. Smith 447. And the appellee could have issued a landlord's warrant, and made a distress upon the property. If the levy still remained good as against the defendant it will not help the appellee, as she gave the sheriff no notice of her claim for rent until after the property was sold and beyond the reach of the sheriff. Had she given such notice before the sale it might have been the duty of the sheriff to have resumed the possession of the property under the execution, as the 85th section of the Act of 16th June 1836, provides that where any goods or chattels liable to the payment of rent are seized upon an execution, such writ shall not be stayed by the plaintiff therein without the consent in writing of the person entitled to such rent. Under the statute of 8 Anne, ch. 14, it was made the imperative duty of the sheriff to pay the landlord

[Work's Appeal.]

one year's rent, if the same was due, before he removed the goods from the demised premises. But in Pennsylvania, as was said in Ege *v.* Ege, 5 Watts 134, under our statute, the sheriff is not estopped from removing the goods, and he is protected provided he pays over to the landlord one year's rent, or the landlord neglects to give notice of his claim in proper time. It was said by ROGERS, J., in the case last cited: "It would jeopard the rights of the landlord to fix any other period than the sale as the limit of his right to give notice. In practice it is usual to sell goods taken in execution after the return-day of the writ. The sheriff is directed by the act to pay over after the sale, one year's rent to the land-lord; it would therefore seem that all the purposes of the act are answered if notice is given at any time before the money is paid over." The sheriff here, as before observed, had no money in his hands or under his control when the notice was given. In the absence of a claim for rent he could not do otherwise than suspend proceedings upon the execution when ordered to do so by the plaintiff. There was no allegation that the action of the sheriff was the result of collusion, and a part of a scheme between the parties to the execution to defraud the appellee out of her rights as landlord. He appears to have acted in entire good faith, and ought not to be punished now to make good the *laches* of the appellee.

The decree is reversed at the costs of the appellee.