## Wadas *v.* Sharp.

*Execution—Delay by sheriff—Loss of lien.*

A delay by the sheriff in executing a writ caused by a well-founded belief on his part that the defendant was endeavoring to pay the judgment, and that no one was being injured by the delay, cannot be taken advantage of by a junior execution creditor to defeat the lien of the first execution.

*Execution—Landlord and tenant—Rent—Priority of rent—Evidence.*

A landlord's priority for rent in the distribution of a fund raised by a sheriff's sale of the tenant's goods, is not defeated by the fact that no notice of the claim for rent was given at or before the sale.

Where a levy is made on personal property under a number of executions and the proceeds of the sale are not sufficient to satisfy all, the landlord's

claim on the proceeds for rent due is to be reckoned up to the date of the levy made on that execution which was the last to participate in the fund.

Where a landlord claims rent out of the proceeds of a sale of the tenant's personal property under an execution, the tenant is a competent witness to testify as to the amount of rent.

Argued Nov. 22, 1904. Appeal, No. 91, Oct. T., 1904, by David E. Lewis, from decree of C. P. Del. Co., March T., 1902, No. 213, and Dec. T., 1902, No. 5, dismissing exceptions to auditor's report in cases of George T. Wadas v. Thomas G. Sharp and David E. Lewis v. Thomas G. Sharp. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of David M. Johnson, Jr., Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Albert Dutton MacDade*, for appellant.—An execution issued for the purpose of lien and not to make the money according to law, will not be available against subsequent executions: Earl's App., 13 Pa. 483; Landis v. Evans, 113 Pa. 332; Corlies v. Stanbridge, 5 Rawle, 286; Mentz v. Hamman, 5 Wharton, 150; Freeburger's App., 40 Pa. 244; Stern's App., 64 Pa. 447; Platt-Barber Co. v. Groves, 193 Pa. 475; Sweet v. Williams, 162 Pa. 94; McGinnis v. Prieson, 85 Pa. 116.

Notice of landlord's claim must be given to the sheriff while the property or its proceeds are still within his power and control: Work's App., 92 Pa. 258; Leidich's Est., 161 Pa. 451; Schuyler v. Coach Co., 29 W. N. C. 343; Lowry v. Evans, 2 Lack. Jur. 43; Wickey v. Eyster, 58 Pa. 501; Oram's Est., 5 Kulp, 423.

Where goods levied upon are under different executions the landlord is only entitled to rent to the date of that execution which exhausts the property: Todd v. Ashton, 4 W. N. C. 347; Leaming's Appeal, 5 W. N. C. 221.

*W. Roger Fronefield*, for appellee.—The finding of facts by an auditor, affirmed by the court below, will not be disturbed

on appeal, except for manifest error :. Hayes's Estate, 23 Pa. Superior Ct. 570 ; Burroughs's Appeal, 26 Pa. 264 ; Hess's Estate, 150 Pa. 346.

The first execution creditor is entitled to the fund unless the second execution creditor, upon whom the burden rests, shows affirmatively that the first execution was issued for the mere purpose of a lien and to delay an existing creditor: McGinnis v. Prieson, 85 Pa. 116 ; Sweet v. Williams, 162 Pa. 94.

While there is no such evidence in this case, still even a reasonable indulgence, by the first execution creditor, given the debtor, in good faith to raise the money and save his goods from sacrifice, is not sufficient to defeat the first execution : Schwartz v. Gabler, 8 Pa. Superior Ct. 227 ; Morrison v. Hoffman, 1 Pa. 13 ; Stroudsburg Bank's App., 126 Pa. 523.

The first execution creditor will not be postponed by the indulgence or by the default of the sheriff in executing his writ, after levy : McCoy v. Reed, 5 Watts, 300 ; McGinnis v. Prieson, 85 Pa. 116 ; Gillespie v. Keating, 180 Pa. 150.

The issue of a second execution does not extend the time, to which rent is a preference, to the time of the levy under that writ to the prejudice of the first execution : Todd v. Ashton, 4 W. N. C. 347 ; Leaming's App., 5 W. N. C. 221 ; Binns v. Hudson, 5 Binney, 505 : Case v. Davis, 15 Pa. 80.

OPINION BY BEAVER, J., January 17, 1905 :

A fund, arising from the sale of Sharp's personal property, was paid into court and its distribution referred to an auditor. There were three claimants : first, Wadas, an execution creditor, who claimed by virtue of a fi. fa. issued May 6, 1902, upon a judgment entered that day ; second, Lewis, an execution creditor, who claimed by virtue of a fi. fa. issued December 1, 1902, upon a judgment entered the same day ; third, the landlord, who claimed rent due from August 1, 1902, less $16.66, upon a lease for $400 per year, payable monthly.

It appears from the evidence that $61.00 of the fund for distribution was raised by the sale of articles which were not levied upon by the first execution but were so levied upon by virtue of the second execution. This amount is $12\frac{28}{100}$ per cent of the entire proceeds of the sale.

The auditor made the distribution by deducting costs of audit

and $150 rent due the landlord and distributing the balance in the proportion of $87\frac{27}{100}$ per cent of the whole to Wadas, the first execution creditor, and $12\frac{28}{100}$ per cent to Lewis, the second execution creditor. The latter excepted to the distribution upon two general grounds : first, that the lien of the first execution was lost because of the delay in executing it and, second, that the rent was not entitled to preference, because no notice had been given to the sheriff, prior to the sale, of its being due.

1. The auditor has found as a fact that the defendant in the first execution had nothing to do with the delay in executing the writ but that it was caused entirely by the sheriff who believed, and would seem to have had good reason for the belief, that the defendant was endeavoring to pay the amount of the judgment and that no one was being injured thereby. This finding having been confirmed by the court, we assume that that fact is definitely settled. Even under the earlier cases that delay in the execution of a writ raised the presumption of legal fraud which told against the first execution creditor and in favor of subsequent execution creditors, such a presumption would have been rebutted by the testimony upon which the auditor's finding was based. The whole question relating to this subject has been so well discussed by the present chief justice in the recent case of Platt-Barber Co. v. Groves, 193 Pa. 475, that a quotation from the opinion in that case will best meet the requirements of this one :

" The rule is well established that an execution which is not put in the sheriff's hands with the bona fide intention of collecting the debt, but merely to be held as a security, or to prevent other creditors from coming upon the debtor's goods, is fraudulent as to them, and will be postponed to subsequent levies. And stay, or unusual delay of the proceedings, allowing the debtor to sell or otherwise to deal with the goods in contravention of the levy, and other acts of similar nature, give rise to a presumption of want of good faith : Dorrance's Admrs. v. Com., 13 Pa. 160 ; Earl's Appeal, 13 Pa. 483 ; Freeburger's Appeal, 40 Pa. 244. Such acts, however, are not frauds per se, but only evidence of fraud, which may be rebutted, and, if the creditor's delay is shown to be in good faith and in furtherance of a genuine intention to collect his debt, he will not be

postponed. Indulgence is not in itself fraudulent but, on the contrary, is sometimes good policy for the creditor as well as mercy to the debtor, especially where, as in the present case, the subject of the levy is a store or going business of any kind. There is no fixed time by which such acts are to be judged. The test is good faith and absence of actual hindrance of others. As long as the creditor is honestly seeking collection, even by coaxing, and is not in fact hindering later executions, so long his indulgence to the debtor will not be a bar to his maintenance of his priority of levy.

" The earlier cases undoubtedly applied the presumption of fraud with great strictness and exhibit a tendency to treat it as a rule juris et de jure. But it was never divorced intentionally from its true principle, and the later decisions have treated the question more liberally as one of fraud in fact, to be determined in each case by the evidence: Broadhead v. Cornman, 171 Pa. 322; Landis v. Evans, 113 Pa. 332; Stroudsburg Bank's Appeal, 126 Pa. 523."

The finding of the auditor, based upon competent and sufficient testimony, confirmed by the court, disposes of this question which needs no further discussion.

2. Was the rent, the amount of which is not controverted, properly payable out of the fund? The eighty-third section of the Act of June 16, 1836, P. L. 755, provides that " the goods and chattels, being in or upon any messuage, lands or tenements, which are or shall be demised for life or years, or otherwise, taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, that such rent shall not exceed one year's rent." The ground upon which the appellant claims that the fund in court was released from the payment of the rent was that no notice was presented by the landlord for a claim for rent in arrear prior to the sheriff's sale. It is true that in a number of cases it has been held that notice of the landlord's claim must be given to the sheriff while the property or its proceeds are still within his power and control and that where he has given time for reasonable notice, which has been construed to be at least until the return day of the writ, he is not liable for the payment of the rent, if he has paid it over to execution credi-

tors. See Work's Appeal, 92 Pa. 258. But this is not a contest between the landlord and the sheriff. There is nothing in the act requiring such notice to be given, in order to entitle the landlord to priority. Here the fund was paid into court for distribution for the very purpose of relieving the sheriff of responsibility and it is, therefore, to all intents and purposes, subject to distribution as if it were within his control.

It was decided in Leaming's Appeal, 5 W. N. C. 221, that " where a levy is made on personal property under a number of executions, and the proceeds of the sale are not sufficient to satisfy all, the landlord's claim on the proceeds for rent due is to be reckoned up to the date of the levy made on that execution which was the last to participate in the fund." The appellant, in his argument, quotes largely from the reasoning of the auditor in this case but the Supreme Court, in its opinion, says: " The result at which the auditor arrived was correct, though his reasoning on the question was not.

" The act of June 16, 1836, gives to a landlord a lien for any sums of money due for rent at the time of taking such goods in execution. If the rent due take all the money, none will be left for the execution; but, if any be left, it is manifest that it goes to the execution, for the claim of the landlord is satisfied by giving to him what is due.

" If, however, another execution be levied afterward, and in the meantime another sum of money for rent has fallen due, it is quite as clear that the rent thus accrued will again take the preference, and what remains will go to the execution. Now, if a third execution be afterwards levied on the same goods and still another sum of rent shall have accrued, it is obvious the same result would take place, if a surplus were left to go to the third execution. But it is equally obvious that, if the proceeds of sale had been exhausted by application to the second execution, the subsequently accruing rent has nothing to grasp, neither rent nor execution taking anything. The confusion on this subject arises in forgetting the fact that the rent last claimed had not accrued when the proceeds of sale were exhausted by the executions previously issued. It is not the fact that the sale is made on all the executions levied on the goods which governs, but the falling due of the rent, which must accrue

before the proceeds of sale are exhausted, in order to come in for a share."

Clearly, under this reasoning, the appellant has nothing of which he can rightfully complain. The distribution, as finally directed by the court, was in accordance with this opinion and left nothing for the second execution. The amount of the rent was properly fixed by the testimony of the tenant, whose testimony in regard to the amount of the rent and the terms of its payment was competent and relevant.

There are a number of assignments of error but they are all embraced within the propositions heretofore discussed and it is, therefore, unnecessary to continue the discussion.

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.