# Liquid Carbonic Company, Appellant, *v.* Truby.

*Landlord and tenant—Execution—Goods of stranger.*

1. A landlord who enters judgment by virtue of a warrant of attorney contained in a lease cannot, under a fieri facias on such judgment, levy upon and sell the goods of a stranger found on the demised premises.

*Practice, C. P.—Raising question of law—Motion for judgment n. o. v.—Appeals.*

2. A legal principle not cited in the argument at the trial against a point for binding directions in favor of the defendant, may, all the same, be brought forward in argument in opposition to a motion for judgment in defendant's favor non obstante veredicto. To hold otherwise would be contrary to the spirit as well as the letter of the Act of April 22, 1905, P. L. 286, one purpose of which was to give opportunity for more deliberate review and consideration of the facts and the law applicable to them than ordinarily can be had on the trial.

Argued May 11, 1909. Appeal, No. 135, April T., 1909, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1907, No. 125, for defendants non obstante veredicto in case of The Liquid Carbonic Company v. Anna M. Truby and E. E. Truby, Administrators. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Replevin for a soda fountain. Before PATTON, P. J.

At the trial it appeared that plaintiff had leased the soda fountain in question to W. M. Weiss, the tenant of a drug store owned by D. A. Goldman. Goldman entered judgment on a warrant of attorney in his lease for rent in arrears and issued a fieri facias under which the soda fountain was sold. Subsequently the purchaser at the sheriff's sale sold it to W. J. Truby. Truby died and his administrators were substituted in his place.

Verdict and judgment for plaintiff for $666. Subsequently the court entered judgment for defendants non obstante veredicto.

*Error assigned* among others was in entering judgment for defendants non obstante veredicto.

*Harry C. Golden,* with him *H. L. Golden,* for appellant.—In the case of Schock v. Waidelich, 27 Pa. Superior Ct. 215, and also in the case of Mitchell v. Coates, 47 Pa. 202, it is clearly pointed out that there is a distinction between a distress for rent, and an execution for rent. In these cases, it is shown, beyond any question of doubt, that the incidents of a distress for rent do not attach to an execution for rent.

On the argument of defendant's motion for judgment non obstante, plaintiff was simply asking that judgment be entered on the verdict. Even conceding, for the sake of argument, but not as a fact, that plaintiff raised a new legal question at this time, it was not too late. The record of the court below was not yet complete. If a new legal question was raised by plaintiff, upon the argument of defendants' motion for judgment non obstante, which we deny as a fact and the court below fully considered and passed upon this question in entering judgment, the court's decision, if wrong, and if an exception has been taken to it by appellant, is reversible error: Dalmas v. Kemble, 215 Pa. 410; Buehler v. Rapp, 2 Woodward's Decisions, 443.

*J. W. King,* with him *A. L. Ivory,* for appellees.—If legal questions that might have been raised are not raised at the trial it is too late to raise them on appeal: Herstine v. R. R. Co., 151 Pa. 244; Danley v. Danley, 179 Pa. 170; Fox v. Fox, 96 Pa. 60; Burkholder v. Stahl, 58 Pa. 371; Johnson v. Watson, 157 Pa. 454; Gorman v. Bigler, 8 Pa. Superior Ct. 440.

The landlord had concurrent remedies: Snyder v. Kunkleman, 3 P. & W. 487; McComb's App., 43 Pa. 435; Grant & McLane's App., 44 Pa. 477.

OPINION BY RICE, P. J., October 11, 1909:

The verdict of the jury in favor of the plaintiff implies a finding that the plaintiff, the owner of the soda water fountain in dispute, had given notice to the landlord that the chattel was leased or hired, as the Act of April 28, 1899, P. L. 117, requires. But upon the defendants' motion for judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286, the court held that the act of 1899 is unconstitutional, and that as the

judgment under which the chattel was sold was for rent, a good title passed, and therefore entered judgment for the defendant. We are not at present convinced that the opinion of the court upon the question of the constitutionality of the act of 1899 is erroneous; but in the view we take of the other feature of the case it is unnecessary to express a more decided opinion upon that question.

The common-law rule that whatever goods and chattels the landlord finds upon the demised premises, whether they belong in fact to the tenant or a stranger, are distrainable by him for rent in arrear is, as its terms indicate, part of the law of distress, not of execution. But a landlord could not distrain goods which were in custody of the law, and it is still so. To meet this exception to the general rule the English statute of 8th Anne, ch. 4, provided, for the protection of the landlord, that goods on the demised premises should not be taken in execution unless the creditor pay the landlord the arrears of rent before they were removed, not exceeding in the whole the rent of a single year due at the time of the levy; "and our statute is nearly the same, the principal difference being that with us the year's rent is paid out of the proceeds of the sale without regard to the removal of the goods:" Pierce v. Scott, 4 W. & S. 344. The statute here referred to is the Act of June 16, 1836, P. L. 755, secs. 83 and 84. The first of these sections provides, that goods taken in execution, and liable to the distress of the landlord, shall be liable to the payment of the rent due at the time of taking such goods in execution; and the next directs that, after the sale of such goods, by the officer, he shall pay out of the proceeds the rent so due. Speaking of these provisions it has been held: "It cannot be doubted that the object of these provisions was to make the landlord amends for taking away his power of distress by a judicial sale of the tenant's goods liable thereto:" Greider's Appeal, 5 Pa. 422. The same view of the statute was taken in Commonwealth v. Contner, 21 Pa. 266, 274, where it was said: "The right to be paid what rent was due but not for more than one year out of the proceeds of a sale on execution, comes in place of distress." The English statute was construed not to apply to executions at the suit of

the landlord· Taylor v. Lanyon, 6 Bing. 536. Our statute, while differing in some particulars, furnishes no satisfactory evidence of an intention on the part of the legislature to add as an incident to an execution upon a judgment for rent the right to seize and sell the goods of a stranger which happen to be on the demised premises. Such construction would give the landlord an undue advantage and deprive the owner of the goods of rights which he would have had if he had proceeded by distress. See opinion of Tindal, C. J., in Taylor v. Lanyon, 6 Bing. 536. It ought not to be adopted without very clear evidence that such was the legislative intent. The only two cases cited in support of it are McCombs and Howland's Appeal, 43 Pa. 435, and Grant and McLane's Appeal, 44 Pa. 477. But these related to the rights of the landlord upon distribution, and in neither was the execution issued by him. They do not throw much, if any, light upon the question before us. We are constrained to the conclusion that the construction contended for by the appellees cannot be sustained either upon principle or authority.

It is said that this question was not raised on the trial, and therefore the appellant ought not to be permitted to raise it here. This contention must be based on something that occurred or was omitted in the course of the argument at the trial which does not appear in the record; for the plaintiff's statement of claim, points and objections to the defendants' offers of evidence were broad enough to raise it, and it is not conceded by appellant's counsel that it was not raised in the argument of the points and the objections. Moreover, it was argued on the motion for judgment non obstante veredicto, and the legal principle for which the appellant contends was applicable to the evidence and precluded binding direction for the defendants. It would be strange indeed, if no legal principle, not cited in the argument against a point for binding direction in favor of the defendant, could be brought forward in argument in opposition to a motion for judgment in his favor non obstante veredicto. This would be contrary to the spirit as well as the letter of the Act of April 22, 1905, P. L. 286, one purpose of which was to give opportunity for more deliber-

ate review and consideration of the facts and the law applicable to them than ordinarily can be had on the trial: Dalmas v. Kemble, 215 Pa. 410. If for any reason sufficient to move the sound discretion of the trial judge justice required that the defendants have another hearing upon the question before another jury, the remedy was by making absolute the rule for new trial, not by entering à judgment which neither the verdict nor the law applicable to the facts in the case warranted.

We decide the question raised by the motion for judgment non obstante veredicto in favor of the plaintiff; but the pending motion for new trial prevents us from giving judgment in its favor on the verdict: Harper v. Keely, 17 Pa. 234; Dalmas v. Kemble, 215 Pa. 410.

The judgment is reversed and a procedendo awarded.