# Boggs *v.* Walton.

*Execution—Distribution—Priority—Fraud—Agreement between sheriff and plaintiff.*

1. Where the plaintiff in a junior execution seeks to postpone a senior writ in the distribution of the proceeds of a sheriff's sale of personal property, he must show that the prior writ was not used in good faith to enforce the payment of the judgment, but was controlled in fraud of the rights of creditors whose writs were subsequently issued.

2. Where the plaintiff and defendant agree that property levied upon, and as to which execution has been stayed pending an appeal, shall be sold by the sheriff and the proceeds held by him until the appeal is determined, and the owner of a junior writ assents to the arrangement with a reservation of a right to raise the question whether the agreement was not an abandonment of the levy, the court will not on distribution find that the agreement was in any way a fraud on the rights of the junior execution creditor, or that it gave such creditor any priority over the senior writ.

Argued Oct. 28, 1909. Appeal, No. 2, Oct. T., 1909, by Isenberg Milling Company, from decree of C. P. Huntingdon Co., Feb. T., 1907, No. 8, overruling exceptions to auditor's report in case of W. H. Boggs v. Annie L. Walton and T. R. Walton. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of Howard L. Henderson, Esq., auditor appointed to distribute proceeds of sheriff's sale.

From the record it appeared that W. H. Boggs entered a judgment against Annie L. Walton and Thomas R. Walton on June 5, 1903. On December 7, 1906, he issued a fi. fa. and levied upon the horses, wagons and other articles in a livery

stable in which Annie L. Walton claimed to have an interest. Subsequently the court opened the judgment and pending an appeal the execution was stayed. After the stay of the execution the plaintiff and the defendants on February 7, 1907, entered into an agreement in writing by which the sheriff was authorized to sell the property and hold the proceeds until the appeal was determined. Prior to this time on January 26, 1907, the Isenberg Milling Company had obtained judgment against Annie L. Walton and Thomas R. Walton. On this judgment they issued execution on February 14, 1907. On February 23, 1907, the Isenberg Milling Company and W. H. Boggs entered into an agreement by which the sale was to be conducted by the sheriff under the original agreement of February 7, but the Milling Company reserved the right to raise the question whether the agreement of February 7 was a postponement or abandonment of the lien of the senior writ. The sale was held on February 23, 1907, and Howard L. Henderson, Esq., was appointed auditor to make distribution. He reported that no fraud had been committed upon the rights of the junior execution creditor and accordingly awarded the fund to the senior writ.

Exceptions to the auditor's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*James S. Woods,* with him *W. H. Woods,* for appellant.— The senior writ was postponed: Reamer's App., 18 Pa. 510; Parys & Co.'s App., 41 Pa. 273; Dunham v. Rundle, 4 Pa. Superior Ct. 174; Bingham v. Young, 10 Pa. 397; Gibbs v. Neely, 7 Watts, 305; Keyser's App., 13 Pa. 409; McMichael v. McDermott, 17 Pa. 353.

*H. H. Waite,* for appellee.—Under the law as laid down by recent decisions of this and the Supreme Court of Pennsylvania, there must be fraud in fact shown before the lien of a senior execution will be postponed to that of a junior: Broad-

head & Sons v. Cornman, 171 Pa. 322; Dunham v. Rundle, 4 Pa. Superior Ct. 174; Platt-Barber Co. v. Groves, 193 Pa. 475.

OPINION BY HENDERSON, J., March 3, 1910:

The appellant seeks to postpone the execution of the appellee to a junior writ in a proceeding to distribute the proceeds of a sheriff's sale of personal property. To accomplish this result it is necessary that he make it appear that the prior writ was not used in good faith to enforce the payment of the judgment but was controlled in fraud of the rights of creditors whose writs were subsequently issued. Where the purpose of the execution creditor is to obtain security for his debt instead of satisfaction thereof and the execution is used to that end the object of the process is perverted and a fraud is thereby perpetrated on other creditors. Upon like principle where the execution plaintiff directs or consents that the sheriff allow the defendant to remain in possession of the goods or to sell at private sale the prior writ may be postponed. Continued possession and control of the property levied on offer a temptation to concealment and to a disposal of the property to the prejudice of creditors, and the law, therefore, forbids such use of legal process. The principle on which the cases all rest is that there must be a bona fide intention to collect the debt and that the intention of the creditor is a question of fact to be determined from the evidence in the particular case: Platt-Barber Co. v. Groves, 193 Pa. 475; Wadas v. Sharp, 27 Pa. Superior Ct. 233. It is not claimed that any indulgence was given to the defendants by the plaintiff in the senior writ or that they were permitted by the plaintiff to remain in the possession and control of the property after the levy. On the contrary, the plaintiff's hands were tied by the defendants by the proceeding contesting the plaintiff's right to execution, and the determination of that question was delayed by an appeal to the Superior Court. While the case was there pending the plaintiff and defendants entered into the agreement, exhibit "A." This paper authorized the sheriff to sell the property levied on for cash or

on time with approved security, the proceeds of the sale to be treated by the parties and by the court as cash in the hands of the sheriff to be disposed of after the determination of the appeal in the Superior Court. The property levied on was principally the half interest of one of the defendants in a stock of horses, harness, vehicles, etc., contained in a livery stable. The stock was depreciating in value because of the expense of its maintenance, and the agreement was therefore advantageous to the creditors as well as the defendants. A second execution was issued against one of the defendants in the first writ and a third execution against both of the defendants in the first writ. The plaintiffs in the subsequent writs gave their written assent to the sale by the sheriff in accordance with the terms of the agreement referred to, and the sheriff made return that he sold the property of the defendants by virtue of fi. fa. No. 8, February Term, and No. 3 of May Term, 1907. The writ first named was that of the appellee and the other that of the appellant. The assent of the latter to the sale contained a proviso that such assent should not amount to a waiver of the right of the assenting creditor to allege on distribution that the making of the agreement, exhibit "A," was an abandonment of the levy and writ by the plaintiff. The auditor found that the Boggs writ was used in good faith for its legal purpose, that there was no fraud involved in the agreement between the plaintiff and defendants and that it was for the best interest of the defendants and the creditors that the property be sold and concluded that the first writ was not postponed in favor of the appellant's writ and made distribution accordingly. We do not find anything in the evidence to justify a suspicion that the action of the execution creditor was not in good faith for the purpose of collecting his debt, and the return of the sheriff shows that the sale was made on executions then in his hands of which the appellant's was one. Having assented to the sale, the appellant is in the same situation as the appellee. He could not give encouragement and approbation to the sale and permit his own writ to be used in connection therewith and then impute bad conduct to the plaintiff in the

first execution with whom he had co-operated in producing the sale. We do not discover anything in the facts established before the auditor which would postpone the first creditor because of his participation in the agreement, exhibit "A," but if this paper had the effect of postponing him as to a nonconcurring creditor the appellant is not one of that class and cannot take advantage of the prior creditor's participation in the agreement for the sale.

The decree is affirmed at the cost of the appellant.