## Hallet & Davis Piano Company *v.* Fisher, Appellant.

*Sales—Conditional sales—Sales on consignment—Interpleader.*

An agreement provided for the shipment of pianos on consignment, and the sale of them by the consignee for the plaintiff and his accounting to the latter for the purchase price, less certain discounts.  It also fixed the commission he was to receive for his services as agent in disposing of the pianos, and provided for the return of the identical instruments, in the event that he was unable to sell them.

Under such circumstances, there was no sale of the goods to the agent, and no title ever passed from the plaintiff to him,

*Landlord and tenant—Execution—Goods of stranger.*

A landlord who enters judgment by virtue of a warrant of attorney contained in the lease cannot, under a fieri facias on such judgment, levy and sell the goods of a third person found on the demised premises.

Argued April 21, 1924.   Appeal, No. 62, April T., 1924, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1918, No. 313, on verdict for plaintiff in the case of Hallet & Davis Piano Company v. George Fisher. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Feigned issue to determine title to personal property. Before McCANN, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff and entered judgment thereon.   Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*J. Earl Ogle, Jr.,* for appellant.

*D. P. Weimer,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

At the trial of the sheriff's interpleader issue in the court below both parties presented points for binding instructions.   The trial judge directed a verdict for the plaintiff, the claimant of the property.

The assignments of error are directed to the action of the court below in refusing to enter judgment for the defendant non obstante veredicto, and in entering judgment upon the verdict.

The only question involved was as to the ownership of the property at the time of the sheriff's levy.   This depended solely on the construction to be given the writ-

ten agreement between the plaintiff and Williamson, the execution debtor, under which the latter came into possession of the goods in dispute.

We are of opinion that the court below was correct in deciding that the transaction was a consignment and not a sale; that the property in the goods never passed from the plaintiff to Williamson. The agreement provided for the shipment of the goods on consignment and the sale of them by Williamson for the plaintiff and his accounting to the latter for the purchase price, less certain discounts. It fixed the commission which Williamson was to receive for his services as agent, in disposing of the pianos, and provided for the return of the identical pianos, etc., in the event that Williamson was unable to sell them. There was no sale of the goods to Williamson and no title to them ever passed from the plaintiff to him. In this respect the case differs from Thompson v. Paret, 94 Pa. 275; Peek v. Heim, 127 Pa. 500, and other cases relied upon by the appellant, in which the goods after a certain time had to be paid for by the consignee whether sold or not, and the transaction was, in effect, a conditional sale, disguised under the form of a consignment. This case, in its facts, is more nearly like Keystone Watch Case Co. v. Fourth St. Nat. Bank, 194 Pa. 535.

The question whether the plaintiff gave defendant notice that the pianos were only consigned, and not sold, to Williamson would have been of importance, if the defendant, (Williamson's landlord), had elected to proceed by a distress for rent; but it was immaterial as respects a levy under a writ of fieri facias. A landlord who enters judgment by virtue of a warrant of attorney contained in a lease cannot, under a fieri facias on such judgment, levy upon and sell the goods of a third person found on the demised premises: Liquid Carbonic Co. v. Truby, 40 Pa. Superior Ct. 634, 636.

The assignments of error are overruled and the judgment is affirmed.