NOTE.—See Tax Settlements, 24 Dist. R. 1083.

## Willis Motor Car Company, to use, v. Lasser et al.

*Execution—Payment of money to sheriff—Claim of landlord—Landlord and tenant—Act of June 16, 1836, P. L. 755.*

1. Upon the payment of money to the sheriff by a defendant in an execution, whereby the sheriff's grasp upon the goods levied upon is released, the defendant's landlord cannot thereafter claim rent out of the fund.

2. In such case, the payment to the sheriff takes the goods out of the custody of the law, and the landlord has an immediate remedy by replevin.

Rule on sheriff to pay money. C. P. Dauphin Co., March T., 1926, No. 384.

*Metzger & Wickersham*, for plaintiff.

*Rosenberg & Rosenberg*, for defendants.

HARGEST, P. J., Jan. 3, 1927.—A judgment was entered March 18, 1926, on which a writ of *fieri facias* was issued April 15, 1926, returnable the fifth Monday of May, which was May 31, 1926. The said writ was served and a levy was made upon the defendant's goods on April 16, 1926. On April 17, 1926, the defendants deposited with the sheriff the sum of $211.02, covering debt, interest and costs, under protest, with notice that a rule would be presented to the court asking to have the judgment opened; thereupon the defendants' store continued in operation for three weeks. Up to the return-day, May 31, 1926, no petition had been presented to the court asking that the judgment be opened. On Tuesday, June 1, 1926, notice was served by the Eugene Jacobs Co., Inc., upon the sheriff that there was a rent claim due it of $412 and if the sheriff paid out the funds in his hands, he would do so at his peril. A petition was thereupon presented for a rule to show cause why the money in the sheriff's hands should not be paid to the plaintiff, to which Eugene Jacobs Co., Inc., makes answer, claiming the fund.

The question now presented is whether the landlord has presented its claim in time. That question depends upon two propositions: First, whether the landlord had a right to be paid out of the fund, there being no sale of the goods; and, secondly, if the landlord had its claim upon the fund, whether such claim was presented in time, Memorial Day falling on Sunday and May 31st being the day under the statute which was to be observed as the legal holiday.

1. This case presents an interesting question, the precise answer to which is found neither in the statute law nor in any decided cases. The question is whether, upon the payment of money to the sheriff by a defendant in an execution, whereby the sheriff's grasp upon the goods levied on is released, a landlord has a right thereafter to claim rent out of the fund, and whether such a claim can be made at any time until, or after, the return-day. The only statutory provisions bearing on this subject are sections 83, 84 and 85 of

Willis Motor Car Company, to use, *v.* Lasser et al.

the Act of June 16, 1836, P. L. 755. This statute provides that goods and chattels in any demised premises when taken in execution shall be liable to the payment of not exceeding one year's rent, and after sale by the officer he shall first pay out of the proceeds of such sale the rent so due, if the proceeds be sufficient, and if not, he may deduct so much for costs as the landlord would have been liable to pay in case of a sale under a distress. It is also provided that when any goods shall be seized in execution, the proceedings upon such execution shall not be stayed by the plaintiff without the consent of the person entitled to such rent in writing first had and obtained.

In Liquid Carbonic Co. *v.* Truby, 40 Pa. Superior Ct. 634, 636, Rice, P. J., said: "The common law rule that whatever goods and chattels the landlord finds upon the demised premises, whether they belong in fact to the tenant or a stranger, are distrainable by him for rent in arrear is, as its terms indicate, part of the law of distress, not of execution. But a landlord could not distrain goods which were in custody of the law, and it is still so. To meet this exception to the general rule, the English statute of 8 Anne, ch. 4, provided, for the protection of the landlord, that goods on the demised premises should not be taken in execution unless the creditor pay the landlord the arrears of rent before they were removed, not exceeding in the whole the rent of a single year due at the time of the levy; 'and our statute is nearly the same, the principal difference being that with us the year's rent is paid out of the proceeds of the sale without regard to the removal of the goods:' Pierce *v.* Scott, 4 W. & S. 344. The statute here referred to is the Act of June 16, 1836, §§ 83 and 84, P. L. 755. The first of these sections provides that goods taken in execution and liable to the distress of the landlord shall be liable to the payment of the rent due at the time of taking such goods in execution; and the next directs that, after the sale of such goods by the officer, he shall pay out of the proceeds the rent so due. Speaking of these provisions, it has been held: 'It cannot be doubted that the object of these provisions was to make the landlord amends for taking away his power of distress by a judicial sale of the tenant's goods liable thereto:' Greider's Appeal, 5 Pa. 422. The same view of the statute was taken in Com. *v.* Contner, 21 Pa. 266, 274, where it was said: 'The right to be paid what rent was due, but not for more than one year, out of the proceeds of a sale on execution comes in place of distress.' "

It will be noticed that the protection given by the statute to landlords is that the rent may be paid out of the fund realized from the sale of the goods because the goods, being in *gremio legis*, are not liable to distress. In the instant case there was no sale. The fund in the sheriff's hands does not represent the goods, because it was not realized from goods on the premises. If it had been so realized, there would be no question of the landlord's right if his claim came in time. Does the fact that there was no sale destroy the right of the landlord to the fund?

In Ege *v.* Ege, 5 Watts, 134, 138, *et seq.*, it is said: "By the common law, when an execution was levied upon the tenant's goods, the landlord lost his rent, and could not enter to distrain, for the execution took the place of all debts, except specific liens, and the goods taken by the sheriff, being *in custodia legis*, could not be distrained. For remedy of this, and in aid of the landlord, by the statute of 8 Anne, ch. 14, it is made imperative upon the sheriff, before he *removes* the goods taken in execution, to pay to the landlord one year's rent. But the Act of March 21, 1772, directs that chattels levied in execution shall be subject to the payment of one year's rent for the premises on which they shall be seized, and that the sheriff shall, after the

sale of the goods, pay to the landlord, or other person empowered to receive the same, such rent so due, and apply the overplus thereof, if any, towards satisfying the debt. . . . The levy, removal and sale of the goods are notice to the landlord of the execution, and, hence, when he claims the arrears of rent, it is but equitable that he should give notice to the sheriff of his claim, or at least that the sheriff should have knowledge of its existence. It would jeopard the rights of the landlord to fix any other period than the sale as the limit of his right to give notice. In practice, it is usual to sell goods taken in execution after the return-day of the writ. The sheriff is directed by the act to pay over, *after the sale,* one year's rent to the landlord; it would, therefore, seem that all the purposes of the act are answered, if notice is given at any time before the money is paid over; at any rate, there is no reason for confining it to the return-day, without regard to the sale of the goods or the actual return of the writ."

It will be noticed, however, that what is said in the case just cited applies to a case of sale and the time mentioned in that case as the proper time before which the notice should be given is the day of sale.

In Wadas *v.* Sharp, 27 Pa. Superior Ct. 233, 237, there was also a question of the right of a landlord to a fund arising from the sale of the tenant's property under execution. It was there said: "The ground upon which the appellant claims that the fund in court was released from the payment of the rent was that no notice was presented by the landlord for a claim for rent in arrear prior to the sheriff's sale. It is true that in a number of cases it has been held that notice of the landlord's claim must be given to the sheriff while the property or its proceeds are still within his power and control, and that, where he has given time for reasonable notice, which has been construed to be at least until the return-day of the writ, he is not liable for the payment of the rent, if he has paid it over to execution creditors. See Work's Appeal, 92 Pa. 258. But this is not a contest between the landlord and the sheriff. There is nothing in the act requiring such notice to be given in order to entitle the landlord to priority. Here the fund was paid into court for distribution for the very purpose of relieving the sheriff of responsibility and it is, therefore, to all intents and purposes, subject to distribution as if it were within his control."

In Herr's Executors *v.* Landis, 33 Lanc. Law Rev. 129, it is held that there is no rule which requires a sheriff to hold the fund realized on his execution until the return-day of the writ. In that case, an execution was issued on Jan. 19, 1910; the sheriff sold on Jan. 28th, paid out the money on Feb. 11th. The return-day was April 18th. On April 15th, three days before the return-day, the landlord filed a claim for rent. After reviewing the authorities, the court held that his claim was too late.

In Work's Appeal, 92 Pa. 258, 261, an execution was issued Oct. 1st, returnable Oct. 8, 1877. The levy was made Oct. 3rd, and immediately thereafter the plaintiff notified the sheriff not to advertise the sale upon the writ, as he deemed it better to allow the defendant in the execution to sell the property levied on. The sheriff took no final action. The goods were sold by the defendant at public sale Oct. 10th. The sheriff reserved no part of the proceeds except his costs. Five days after the return-day and three days after the sale, the appellee served notice on the sheriff of a claim for rent. It was held that the notice was too late. We think this case is very much in point. The court said: "We are of opinion that the notice came too late. The directions of the plaintiff in the execution ,not to advertise a sale was a stay of the writ as to other execution-creditors: Com. *v.* Stremback, 3 Rawle,

341; Corlies v. Stanbridge, 5 Rawle, 286; Freeburger's Appeal, 40 Pa. 247; Parys & Co.'s Appeal, 41 Pa. 273; Keyser's Appeal, 13 Pa. 409; Stern's Appeal, 64 Pa. 447. And the appellee could have issued a landlord's warrant and made a distress upon the property. If the levy still remained good as against the defendant, it will not help the appellee, as she gave the sheriff no notice of her claim for rent until after the property was sold and beyond the reach of the sheriff. Had she given such notice before the sale, it might have been the duty of the sheriff to have resumed the possession of the property under the execution, as the 85th section of the Act of June 16, 1836, provides that, where any goods or chattels liable to the payment of rent are seized upon an execution, such writ shall not be stayed by the plaintiff therein without the consent in writing of the person entitled to such rent. Under the statute of 8 Anne, ch. 14, it was made the imperative duty of the sheriff to pay the landlord one year's rent, if the same was due, before he removed the goods from the demised premises. . . . The sheriff here, as before observed, had no money in his hands or under his control when the notice was given. In the absence of a claim for rent he could not do otherwise than suspend proceedings upon the execution when ordered to do so by the plaintiff."

In the instant case, from the date of payment of the money to the sheriff, April 17, 1926, so long as the store continued in operation, and perhaps after that, if the goods were not removed, the landlord had a complete and perfect right to distrain. The goods were not in the custody of the law because the sheriff had money in his hands to take the place of the goods, but it was not money realized from the goods and the case does not present a situation in which the landlord was required to look to the fund instead of to the goods. His right to look to the goods was complete after the payment to the sheriff of the debt, interest and costs. As was said in the case last cited, the landlord could have made a distress upon the property. It was also said that, if the landlord had given a notice of her claim in that case before the sale, it might have been the duty of the sheriff to resume possession of the property, but the sheriff could not do that after the return-day and after there was no more virtue in the levy. In the case at bar, he did not get notice until after the return-day and after the goods had either been sold or the store closed by the defendant in the execution.

Section 85 of the Act of 1836 provides that, whenever goods are seized in execution, the proceedings shall not be stayed by the plaintiff without the consent of the person entitled to such rent in writing first had and obtained.

In Work's Appeal, 92 Pa. 258, the proceedings were stayed by the plaintiff and the defendant allowed to sell the goods, but that was not held sufficient to permit a recovery against the sheriff, who had no funds in his hands. It is true the court there said: "The sheriff here, as before observed, had no money in his hands or under his control when the notice was given. In the absence of a claim for rent, he could not do otherwise than suspend the proceedings upon the execution when ordered to do so by the plaintiff."

The situation in the instant case is somewhat different. The proceedings were not stayed by the plaintiff, but the claim was satisfied by the defendant by payment, and when payment was made the landlord's right to distress was complete. So we think that the language of Mr. Justice Stewart in Grayson v. Aiman, Inc., 252 Pa. 461, 463, is applicable here. In that case, the learned justice, referring to the Landlord Act of March 21, 1772, 1 Sm. Laws, 370, said: "It will be observed that the relief given by this act extended only to cases where the landlord's goods had been taken in execution and the right of entry by the landlord for the purpose of distress was lost."

It does not appear why the learned justice referred to the Act of 1772. The Act of 1836 is a re-enactment of the older act. The principle is the same. If, therefore, the protection of the statute is only given to a landlord where the right of entry for the purpose of distress has been lost, then the landlord, in the instant case, does not have that protection, because his right of entry was not lost except for a period of two days. The execution was issued on April 15th and the money, including debt, interest and costs, paid on April 17th. It makes no difference that the money was paid under protest and that the sheriff held the money. The question of the validity of the judgment was a matter between the plaintiff and the defendant. Whether paid under protest or not, it had the effect of releasing the goods from the grasp of the law and restored to the landlord his complete right of levy for the purpose of distress. For these reasons, we think the landlord is not entitled to this fund.

2. In view of the conclusion to which we have come upon the first question presented, it is unnecessary for us to discuss and decide whether the notice on June 1st was in any event in time to fasten the landlord's grip upon the fund.

Now, Jan. 3, 1927, the rule granted upon the petition of the plaintiff is made absolute, the petition is sustained, and the sheriff is hereby directed to pay the money in his hands to Hare & Chase, the use-plaintiff in the judgment and in the execution.

From Homer L. Kreider, Harrisburg, Pa.