## Baltzell v. Peace et al.

*Horace M. Barba,* for plaintiff

*Hayward Reid,* for defendant, Katherine H. Peace.

*J. M. Gazzam, Jr.,* for defendant, Edward C. Peace.

*Wexler & Weisman,* for plaintiffs in interpleader, Eastern Acceptance Corporation and William C. Peace.

Bok, P. J., June 20, 1951.—This is a sheriff's interpleader and the facts are agreed upon.

Plaintiff, a landlord, took judgment and issued execution on a lease of real estate because of unpaid rent. Defendant, the tenant, had also defaulted on payments under a bailment lease of a refrigerator, which was on the premises at the time of execution and levy. Claimant in the interpleader owns the refrigerator.

Claimant cites Liquid Carbonic Company v. Truby, 40 Pa. Superior Ct. 634 (1909); Hallett & Davis Piano Company v. Fisher, 83 Pa. Superior Ct. 408 (1924); and National Cash Reg. Co. v. Sorto et al., 106 Pa. Superior Ct. 106 (1932). These cases hold that there is a difference between the law of execution and the law of distraint: that the common-law rule allowing a landlord to distrain on whatever he finds on his tenant's premises does not apply in execution process. Hence, since plaintiff landlord did not distrain but issued execution, she is bound by the rule that a judgment creditor may look only to the property of his debtor and may not sell the property of strangers in satisfaction of the debt. The result, claimant contends, is that the refrigerator, which is undoubtedly its property under the bailment lease, may not be reached by plaintiff's execution.

Plaintiff refers to the Act of June 2, 1933, P. L. 1417, sec. 1, 12 PS §2178, which reads as follows:

"Hereafter all household furniture and household goods leased or hired under bailment lease to any person residing within this Commonwealth, or conditionally sold to any such person under contract of sale reserving the title in the vendor until paid for, shall be exempt from levy and sale on execution or distress for rent so long as title thereto remains in the bailment lessor or conditional vendor: Provided, however, That written notice that such household furniture or house-

hold goods, specifically describing the same, have been leased or hired or conditionally sold to any such person shall be given to the landlord, or his agent, at the time the said household furniture or household goods are placed upon the demised premises, or within five days thereafter, and such notice shall contain a statement of the respective amounts due to the lessor or conditional vendor on each of the articles named therein, and, when so given, shall be effective as to such landlord and any future owner or owners of said premises. Upon request, at any reasonable time, the owner of said furniture or goods shall advise the landlord as to the status of the account with the tenant relative thereto. Nothing herein contained shall prevent the landlord, or his agent, from levying upon and selling, on execution or distress for rent, any right or interest of the bailment lessee or conditional vendee under such bailment lease or contract of conditional sale subject to the rights therein of the bailment lessor or conditional vendor."

It is admitted that no notice was given in accordance with this act.

The act obliterates the distinction made in the cases cited by claimant, since they were decided before its passage: it covers both execution and distraint. It is, however, in derogation of the common law and must be construed strictly. So regarded, it covers only the situation where notice is given and does not cover the situation where no notice is given. Nothing more is expressed than a system whereby a stranger may reserve his goods by giving notice; if he does not follow the system he is subject to the law as it was before the act.

Claimant must prevail, since the landlord chose not to distrain but to enter judgment on the lease and issue execution. In such case, under the authorities

cited, the landlord may levy only on the tenant's goods, and the refrigerator is not hers. Claimant's point for binding instructions must therefore be granted.

The court finds in favor of the Eastern Acceptance Corporation, claimant, and against the execution creditor. Under the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, 12 PS §§2358 et seq., a verdict for claimant is not for the value of the goods but a general one. Under Babis v. New York Extract Company, Inc., et al., 120 Pa. Superior Ct. 73 (1935), the court shall fix a counsel fee, which is to be entered as a money judgment. We fix the fee at $50.

The finding of the court is therefore for claimant in the sum of $50, costs to follow the judgment.